### NEWMAN v. CROWLS et al.

#### (Circuit Court of Appeals, Fifth Circuit. January 23, 1894.)

#### No. 148.

**1. JUDGMENTS—SERVICE OF PROCESS.**

Though the judgment of a court of general jurisdiction recites that the defendants were duly cited by publication, as required by law, the presumption in favor of the judgment, thence arising, cannot prevail against the return of the sheriff and the actual publication, where they appear in the record and are insufficient.

**2. ESCHEAT—PUBLICATION OF CITATION.**

Sayles' St. Tex. art. 1770, provides that all lands of which the owner may die seised, without any devise thereof, and having no heirs, shall escheat to the state. Article 1771 authorizes proceedings to enforce such escheat on behalf of the state; and article 1773, as amended in 1885, pro-

vides that, in such proceedings, "citation shall be published as required in other civil suits." *Held* that, as the object of these proceedings is to determine judicially that the owner died without heirs, the citation must be published for eight weeks, as required by article 1236, relating to claims against property which has vested in unknown heirs.

**3.** SAME—AMENDMENT OF STATUTE.

Such article 1773, before the amendment of 1885, required that the order of court to "all persons interested in the estate to appear and answer" should be published as required by article 1236. *Held*, that the omissi... of specific reference to this article in article 1773, as amended, does not warrant the presumption of a legislative intent that publication according to the requirements of that section should no longer be necessary.

**4.** SAME—JUDGMENT—VARIANCE.

The petition in escheat proceedings alleged that one C. died seised of the land in question, having no heirs, and the citation to unknown heirs, required by the statute, followed the petition. On the hearing the evidence showed that the land was patented to the heirs of C., who died in the military service of the republic of Texas, on a land certificate issued to them 16 years after C.'s death; and the judgment, reciting these facts, and the fact that such heirs had exercised no active ownership within seven years, purported to direct the escheat, and to vest the land in the state. *Held*, that this judgment did not bind such heirs.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This was an action of trespass to try title, brought by William O. Crowls and others against J. F. Newman. There was a judgment for plaintiffs on a verdict directed by the court, and defendant brings error.

This suit was instituted in the United States circuit court for the northern district of Texas by defendants in error, citizens of the state of Louisiana, to recover from plaintiff in error, a citizen of the state of Texas, 640 acres of land situated in Fisher county, Tex., patented by the state of Texas to the heirs of George W. Crowls on June 9, 1890, by virtue of a land certificate issued by the adjutant general of the state of Texas to the heirs of George W. Crowls on February 17, 1852, in accordance with an act of the legislature of Texas approved February 10, 1852. The action was brought in the ordinary form of trespass to try title, as provided by the laws of Texas, plaintiff in error answering by plea of not guilty. Defendants in error (plaintiffs below) proved that they were the only heirs of George W. Crowls, deceased; that he died a soldier in the army of the republic of Texas on November 6, 1836; that a bounty certificate of 640 acres of land was issued to them, as the heirs of George W. Crowls, by the adjutant general of the state of Texas, on February 17, 1852, in accordance with an act of the legislature of Texas approved February 10, 1852, which granted and secured to the heirs of George W. Crowls, deceased, 640 acres of land, "to which they are entitled by virtue of the services and death of said Geo. W. Crowls in the army of the republic of Texas," and authorized the issuance of a bounty warrant for said 640 acres of land to the heirs of said George W. Crowls; that the land in controversy was located by virtue of said bounty certificate, and was patented on June 9, 1890, to the heirs of George W. Crowls, deceased. Plaintiff in error (defendant below) introduced in evidence, and relied upon, a judgment of the district court of Fisher county, Tex., in the cause of The State of Texas v. The Heirs of Geo. W. Crowls et al., (No. 18,) rendered March 14, 1890, (which was a proceeding to escheat the land in controversy,) an order of sale issued in said cause on May 12, 1890, and a deed to plaintiff in error, of date June 3, 1890, from the sheriff of Fisher county, Tex., reciting the judgment and order of sale above mentioned, alleging the due advertisement and sale of the property in controversy thereunder to plaintiff in error for the sum of $1,920 cash, and purporting to convey to plaintiff in error all of the estate, right, title, and interest which the heirs of George W. Crowls and other defendants (squatters upon the land) and the state of

Texas had in and to the land in controversy. It was shown that plaintiff in error was the highest and best bidder at said sale; that the land was sold to him for $1,920 cash, which sum he paid the sheriff on receipt of deed to the land; and that the sheriff paid over to the treasurer of the state of Texas $1,636.40 of this money, that being the balance left after payment of the costs of the escheat proceeding. Defendants in error then introduced in evidence a duly-certified copy of the transcript of the complete proceedings in the said cause of The State of Texas v. Heirs of Geo. W. Crowls et al., (No. 18,) in the district court of Fisher county, Tex. Said transcript shows, among other things, service by publication, as follows:

"The State of Texas to the Sheriff or any Constable of Fisher County, Greeting: Oaths therefor having been made as required by law, you are hereby commanded that you make publication of this citation in some newspaper published in said county once a week, for four consecutive weeks previous to the return day hereof you summon all persons interested in the estate of Geo. W. Crowls, deceased. Defendants to be and appear before the district court to be holden in and for the aforesaid county of Fisher, at the courthouse thereof, in the town of Roby, on the first Monday in September, 1888, then and there to answer the petition of the state of Texas, by R. C. Crane, county attorney of Fisher county, plaintiff, filed in said court on the 8th day of August, 1888, and numbered on the docket of said court 18, against P. A. Williams, a resident of Taylor county, and J. F. Newman, a resident of Nolan county, and the heirs of the said Geo. W. Crowls, deceased, alleging, in substance, as follows: That in the year 1853 a bounty warrant was issued to the said Crowls by the state of Texas, and said bounty warrant was in said year located by him on 640 acres of land situated in Fisher county, Texas, now known and designated as 'Survey No. 325, Block 16, Abstract No. 19,' lying on the south bank of the Clear Fork of the Brazos river; that no patent was ever issued by the state of Texas to the said Geo. W. Crowls upon said land, or to any one claiming under or through him; that said Crowls has departed this life, and left no heirs, or any one having a legal claim to said land; that said P. A. Williams and J. F. Newman are claimants of said land; and that said Newman is now in possession thereof. Plaintiff asks for judgment vesting title to said land in the state of Texas, and for a writ of possession for said land in behalf of the state of Texas, for costs and general and equitable relief. Herein fail not, but have you then and there before said court this writ, with your return thereon, showing how you have executed the same.

"Issued this 6th day of August, A. D. 1888.
"Witness:
W. S. Rector,
"Clerk District Court, Fisher County.

"Given under my hand and the seal of said court, at office, this 8th day of August, A. D. 1888.
[Seal.] "Attest:
W. S. Rector,
"Clerk District Court of Fisher County."

"Sheriff's Return.
"Received this writ on the 8th day of August, A. D. 1888, at 10 o'clock a. m. of said day; and I executed the same by publishing the same in Fisher County Call, a newspaper published in the county of Fisher, once in each week for four consecutive weeks, previous to the return day thereof. Said publication was made on the 9th, 16th, 23d, and 30th days of August, A. D. 1888, and a printed copy thereof herewith accompanies this return.
"Witness my hand, officially.
C. E. Roy.
"Sheriff Fisher County."

Indorsed as follows: "No. 18. In District Court. The State of Texas v. Heirs of Geo. W. Crowls. Citation by publication. Issued this 8th day of August, 1888. W. S. Rector, Clerk."

Said transcript also shows the judgment of the district court of Fisher county, Tex., in favor of the state of Texas, and against the heirs of George W. Crowls and others, as follows:

"On this day came on to be heard the above styled and numbered cause, and the state of Texas appearing by her county attorney, W. W. Beall, and R. C. Crane and F. Keifer, attorneys for the state of Texas, and it appearing to the court that the heirs of G. W. Crowls, though duly cited as required by law, by making publications in the Fisher County Call, a weekly newspaper published in Fisher county, Texas, of the citation issued herein, prior to the return day of the September term, A. D. 1888, of this court, failed to appear and make answer herein, but wholly made default; and it further appearing to the court that Allen Williams and J. F. Newman, defendants herein, though duly cited by law, failed to appear and make answer in the said cause, but wholly made default; and it further appearing to the court that Mrs. P. A. Williams, a defendant herein, having been duly cited, appeared and made answer herein at the September term, A. D. 1889, of this court, and neither the state of Texas nor either of the defendants herein demanding a jury, the court therefore proceeded to hear the evidence and determine the issue upon the pleadings and evidences in said cause. And it appearing to the court that the only claim of the heirs of G. W. Crowls upon the tract of land herein sued for is by virtue of a certificate issued by the state of Texas to the said heirs in the year A. D. 1853, and that the said certificate was by said heirs located upon the tract of land herein sued for, and situated in Fisher county, Texas, and that no patent has ever been issued from the state of Texas to the said heirs of G. W. Crowls, or to any other party, for said tracts of land, and that the title thereto still remains in the state of Texas, and it further appearing to the court that no act of ownership has been exercised by the said heirs of G. W. Crowls, or any person or persons claiming by, through, or under them, for a period of more than seven years preceding the institution of this suit, and that no lawful claim has been asserted within the said time by any party; and it further appearing to the court that no one of said defendants herein has set up any title to said tract of land, or has offered any evidence of title thereto, though duly cited as before stated; and it further appearing to the court that said tract of land is reasonably worth the sum of at least $3.00 per acre,—it is therefore the opinion of the court that the law and facts are with the plaintiff, and that he have and recover the tract of land herein sued for and hereinbefore described. It is therefore ordered, adjudged, and decreed by the court that the state of Texas do have and recover of the defendants, heirs of G. W. Crowls, J. F. Newman, P. A. Williams, and Allen Williams, all that tract or parcel of land situated in Fisher county, Texas, hereinafter more particularly described by metes and bounds as follows."

The court, on the evidence, instructed the jury to return a verdict for defendants in error for the land in controversy, which was accordingly done, and judgment was rendered in accordance with said verdict.

James W. Brown, for plaintiff in error.
Branch K. Miller and T. W. Gregory, for defendants in error.

Before PARDEE, Circuit Judge, and TOULMIN and BOARMAN, District Judges.

PARDEE, Circuit Judge, (after stating the facts.) The only question to be determined in this court is whether or not the judgment in the escheat proceeding was binding on the defendant in error, (plaintiff in the court below.) All of the assignments of error raise this question, in one form or another, and need not be recapitulated. It is contended that as the judgment in question was rendered by a court of general jurisdiction, and contains a recital that the heirs of George W. Crowls were duly cited as required by law, by making publications, etc., the same is conclusive and binding on all parties as to the sufficiency of the service by publication on the said heirs, and cannot be inquired into, nor attacked collaterally, in that re-

spect, although the return of the sheriff, and the actual publication had, are shown by the record, and are insufficient. In Galpin v. Page, 18 Wall. 350, it was held:

"The presumptions which the law implies in support of the judgments of superior courts of general jurisdiction only arise with respect to jurisdictional facts, concerning which the record is silent. When the record states the evidence, or makes an averment with reference to a jurisdictional fact, it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred."

In Settlemier v. Sullivan, 97 U. S. 444, it was contended that the recital in the entry of the default of the defendant in the case in the state court, that, "although duly served with process, he did not come, but made default," was evidence that due service on him was made, notwithstanding the return of the sheriff, and supplies its omission, but the court held that:

"The recital must be read in connection with that part of the record which gives the official evidence prescribed by statute. This evidence must prevail over the recital, as the latter, in the absence of an averment to the contrary, —the record being complete,—can only be considered as referring to the former."

We further quote from the same:

"We do not question the doctrine that a court of general jurisdiction, acting within the scope of its authority,—that is, within the boundaries which the law assigns to it with respect to subjects and persons,—is presumed to act rightly, and to have jurisdiction to render the judgment it pronounces, until the contrary appears. But this presumption can only arise with respect to jurisdictional facts, concerning which the record is silent. It cannot be indulged when the evidence respecting the facts is stated, or averments respecting them are made. If the record is silent with respect to any fact which must have been established before the court could have rightly acted, it will be presumed that such fact was properly brought to its knowledge. But, if the record give the evidence or make an averment with respect to a jurisdictional fact, it will be taken to speak the truth, and the whole truth, in that regard; and no presumption will be allowed that other and different evidence was produced, or that the fact was otherwise than as averred. 'If, for example,' to give an illustration from the case of Galpin v. Page, 18 Wall. 350, 'it appears from the return of the officer or the proof of service contained in the record that the summons was served at a particular place, and there is no averment of any other service, it will not be presumed that service was also made at another and different place; or if it appears, in like manner, that the service was made upon a person other than the defendant, it will not be presumed, in the silence of the record, that it was made upon the defendant also.' "

In Cheely v. Clayton, 110 U. S. 701–708, 4 Sup. Ct. 328, it is said:

"The notice and return appearing of record in the proceedings for divorce control the general recital in the decree that due service had been made upon the defendant therein."

The whole subject is reviewed by the supreme court in Guaranty Trust, etc., Co. v. Green Cove, etc., R. Co., 139 U. S. 147–148, 11 Sup. Ct. 512, and Galpin v. Page, Settlemier v. Sullivan, and Cheely v. Clayton, supra, are approved. These authorities control the question in this court.

The judgment of the district court of Fisher county, state of Texas, in the escheat proceeding entitled "State of Texas v. The Heirs of Geo. W. Crowls," was rendered in a suit which was com-

menced August 8, 1888. The suit was therefore instituted and prosecuted under the escheat law of Texas, as amended March 24, 1885, and as it now exists, (Sayles' St. Tex. p. 560 et seq.,) and we quote therefrom the following:

"Title 36. Escheat.

"Article 1770. Estates shall Escheat, When. If any person die seized of any real or possessed of any personal estate without any devise thereof, and having no heirs, or where the owner of any real or personal estate shall be absent for the term of seven years, and is not known to exist, such estate shall escheat to and vest in the state; provided, that where no will is recorded or probated in the county where such property is situated within seven years after the death of the owner it shall be prima facie evidence that there was no will, and where no lawful claim is asserted to, or lawful acts of ownership exercised in such property for the period of seven years, and this has been proved to the satisfaction of the court, it shall be deemed prima facie evidence of the death of the owner and of the failure of heirs, and the court trying the cause may, if such evidence is not rebutted, find therefrom in favor of the state.

"Article 1771. Petition for Escheat Filed by District or County Attorney, When. When the district or county attorney shall be informed or have reason to believe that an executor under the will of any person who has died without heirs and without having devised his estate, has not accepted the trust, and that no administrator with the will annexed has been appointed; or where such attorney shall discover that no letters of administration on the estate of an intestate who has died without heirs have been granted; or where such attorney finds any estate real or personal, in the condition specified in the next preceding article (1770) he shall file a petition in behalf of the state in the district court of the county where such property or any part thereof lies, which petition shall set forth a description of the estate, the name of the person lawfully seized or possessed of the same, the names of the tenants or persons in actual possession, if any, and the names of the persons claiming the estate, if any such are known to claim, and the facts or circumstances in consequence of which such estate is claimed to have escheated, praying for a writ of possession for the same in behalf of the state.

"Article 1772. Citation Issued as in Other Cases. The clerk of the court shall issue citation as in other civil causes for such of the defendants as shall be alleged in the petition to hold possession of or claim such estate, requiring them to appear and answer at the next term of court.

"Article 1773. Citation for Publication Issued, When, etc. The clerk shall also issue a citation, setting forth briefly the contents of the petition for all persons interested in the estate to appear and answer at the next term of court, which citation shall be published as required in other civil suits."

The last article quoted provides for publication of citation for all persons interested in the estate, "as required in other civil suits." When the proceeding to escheat the estate of Crowls was instituted, two articles of the Revised Statutes of Texas prescribed the manner in which citation shall be published in civil suits, as follows:

"Art. 1235. Citation for Non-Resident Defendants, etc. Where any party to the suit, his agent or attorney, shall make oath at the time of instituting the suit, or at any time during its progress, that the party defendant is a non-resident of the state, or that he is absent from the state, or that he is a transient person, or that his residence is unknown to the affiant, the clerk shall issue a citation for the defendant, addressed to the sheriff or any constable of the county in which the suit is pending. Such citation shall contain a brief statement of the cause of action, and shall command the officer to summon the defendant by making publication of the citation in some newspaper published in his county, if there be a newspaper published therein, but if not, then in any newspaper published in the judicial district where the suit is pending. But if there be no newspaper published in such judi-

cial district then it shall be published in the nearest district to the district where the suit is pending. Such citation shall be published once in each week for four successive weeks previous to the return day thereof.

"Art. 1236. For Unknown Heirs. Where any property of any kind in this state may have been granted or may have accrued to the heirs, as such, of any deceased person, any party having a claim against them relative to such property, if their names be unknown to him, may bring his action against them, their heirs or legal representatives, describing them as the heirs of such ancestor, naming him; and if the plaintiff, his agent or attorney, shall, at the time of instituting the suit or any time during its progress, make oath that the names of such heirs are unknown to the affiant, the clerk shall issue a citation for such heirs addressed to the sheriff or any constable of the county in which the suit is pending. Such citation shall contain a brief statement of the cause of action and shall command the sheriff or constable to summon the defendant by making publication of the citation in some newspaper of his county, if there be a newspaper published therein, but if not, then in the nearest county where a newspaper is published, once in each week for eight successive weeks previous to the return day of such citation." Sayles' St. Tex. pp. 418, 419.

A comparison of these two articles shows a marked difference between them. Article 1235 prescribes the method for serving a defendant whose name is known; for his name must be known before an oath can be made that he is a nonresident of the state, or that he is absent from the state, or that he is a transient person, or that his residence is unknown to affiant. Article 1236 prescribes a method for serving unknown heirs, and is applicable when property is sought to be affected which may have been granted or may have accrued to the heirs, as such, of any deceased person, and their names are unknown to the plaintiff. In such event, they may be sued as the heirs of such deceased ancestor. Under article 1235, the citation must be published for four weeks, and, under article 1236, for eight weeks; the reason for the distinction being that where parties are known and named the publication is much more likely to attract and call attention than where the parties are unknown, unnamed, and can only be indefinitely described as the heirs of so and so, deceased. In the present case, the citation is directed to the sheriff or any constable of Fisher county, and commands him to summon all persons interested in the estate of George W. Crowls, deceased. It recites that plaintiff has filed a suit against certain persons by name, and the heirs of George W. Crowls, deceased. It further recites, as alleged in the petition, that the said Crowls has departed this life, and left no heirs, or any one having a legal claim to said lands. Article 1770 of the escheat act, supra, shows clearly that the ground for the escheat proceeding is that the last owner died without issue, etc.; that this proceeding is brought to judicially determine that fact; and that the heirs of such deceased owner must be cited, and given an opportunity to contest. It would seem, in the case made, that the article 1235 could not apply, because the names of the heirs are unknown. In fact, the entire proceeding seems to be based on the averment that no such persons exist. And it is to be noted that the service on the heirs of Crowls by publication was not obtained on the ground that they were nonresidents of the state, or absent from the state, or transient persons, or that their residence was unknown. Article 1236 prescribes the method

for publishing citations for unknown heirs when any property of any kind in the state may have been granted, or may have accrued to the heirs, as such, of any deceased person. The record shows that the land in this case was granted to the heirs, as such, of a deceased person, to wit, George W. Crowls. Article 1236 applies when the names of such heirs are unknown, in which event they may be sued as the heirs of such ancestor, naming him. They were sued, in the case in hand, not by name, but as the heirs of George W. Crowls, deceased, and in relation to property which had been granted or accrued to them as heirs of George W. Crowls.

It is argued on behalf of the plaintiff in error that because article 1773, prior to the amendment of 1885, provided that the order of court requiring "all persons interested in the estate to appear and show cause," etc., should be published as required by article 1236, and, when said article was amended, provision was made that a citation shall issue "for all persons interested in the estate to appear and answer at the next term of court, which citation shall be published as required in other civil suits," a legislative intention is to be inferred that the publication under the existing law shall not be under article 1236, but may be for the shorter term provided in article 1235. If the amendments of the escheat law had been restricted solely to article 1773, and with reference to the time of publication of notice summoning all persons interested in the estate to be escheated, there would be strong reason to hold that the legislative intention was to permit publication under article 1235. An examination, however, of the amendments, as made, shows that the purpose of the amendments was to substitute citations as in other civil suits for scire facias and orders of court as to publications, and to enable the clerk to issue the citations in vacation without an order of court. In making these changes, it was natural that the provision with regard to publication of the citations should be (like the citations) "as required in other civil suits;" but from this change of language a legislative intent cannot be inferred that article 1236 was to be ignored in escheat cases, when unknown heirs were to be cited, because, if for no other reason, article 1236 provides the method "required in other civil suits" for service of citation by publication on unknown heirs, when impleaded in reference to the property of their ancestor.

The trial judge ruled that in proceedings under the escheat law in question, and construing article 1773, supra, the publication of the citation, in order to bar unknown heirs, should be made under article 1236, as "required in other civil suits," to reach that class of defendants. In our opinion this ruling was correct.

And we are inclined to the opinion that the ruling that the judgment in the case of State of Texas v. The Heirs of Geo. W. Crowls was no bar to the defendants in the court below can be sustained upon another ground. Article 1773 of the act provides that "the clerk shall issue a citation setting forth briefly the contents of the petition for all persons interested in the estate to appear and answer," etc. By the term "estate" is meant the estate sought to be escheated. Articles 1770 and 1771, supra, show clearly that an

estate is escheated only when the person seised of said estate has died without any devise thereof, and leaving no heirs. The undisputed evidence in this case shows that the certificate or warrant for the land in controversy was issued to the heirs of George W. Crowls in 1852, 16 years after his death, in accordance with a special act of the legislature passed the same year, in which it was recited that the heirs were entitled to it by virtue of the services and death of George W. Crowls in the army of the republic of Texas. George W. Crowls, therefore, did not die seised of any estate in this land, was never in possession of the certificate, or seised of the land itself; and from the time the certificate issued up to the time the land was located, the certificate which evidenced the right to the land, and afterwards the land itself, have been the property of Amanda C. Foster et al., the heirs of George W. Crowls, and plaintiffs in the court below. Now, the petition in the suit in Fisher county seeks the escheat of the estate of George W. Crowls, deceased. It recites that the bounty warrant was issued to the said Crowls by the state of Texas, and was located by him on the land in controversy; that the said Crowls was the last person lawfully seised of said land; and that said Crowls was dead, and left no heirs, etc.; and the citation contains the same recitals. The judgment in the case, however, recites that the certificate was issued to the heirs of George W. Crowls, that it was located by the said heirs on the land in controversy, and that the heirs of George W. Crowls have exercised no active ownership over the land for more than seven years. In other words, the suit and the citation look to the escheat of the estate of George W. Crowls, and make persons interested in the estate of George W. Crowls parties, while the judgment actually rendered escheats the estate of the heirs of George W. Crowls. The plaintiffs in the court below could have had no interest in defending a suit to escheat the estate of George W. Crowls in the land in controversy; and to escheat any other estate, they were not brought into court by any sort of publication or other service of citation. We find no error in the judgment of the circuit court, and it is affirmed, with costs.