BACHE v. UNITED STATES (No. 1127).[1]

AN AMERICAN CITIZEN'S WIFE LIVING ABROAD.

The appellant, a married woman, had lived mainly abroad for a number of years to educate her children. During this time her husband's home was in New York, his business was there, and there he voted. She, during this period, went to France and returned after longer or shorter intervals, living admittedly in amicable relations with her husband. Her legal residence remained accordingly her husband's residence, and she was entitled to have entered free of duty only such wearing apparel or personal effects as she took out of this country and such articles as she may have purchased abroad not exceeding $100 in value (tariff act of 1909).

## United States Court of Customs Appeals, October 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31498 (T. D. 33242).

[Affirmed.]

*Churchill & Marlow* for appellant.

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The appellant, on her arrival in this country in December, 1911, declared that she was not a resident of the United States, but a resident of Paris, France. She therefore claimed that the wearing apparel, articles of personal adornment, and similar personal effects which accompanied her and which were necessary and proper for her use and station in life were free of duty in accordance with the provisions of paragraph 709 of the tariff act of 1909, which reads as follows:

709. Wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States; but this exemption shall only include such articles as actually accompany and are in the use of, and as are necessary and appropriate for the wear and use of such persons, for the immediate purposes of the journey and present comfort and convenience, and shall not be held to apply to merchandise or articles intended for other persons or for sale: *Provided,* That in case of residents of the United States returning from abroad, all wearing apparel and other personal effects taken by them out of the United States to foreign countries shall be admitted free of duty, without regard to their value, upon their identity being established, under appropriate rules and regulations to be prescribed by the Secretary of the Treasury, but no more than one hundred dollars in value of articles purchased abroad by such residents of the United States shall be admitted free of duty upon their return.

The collector of customs declined to recognize her as a nonresident and assessed a duty of 60 per cent ad valorem on her wearing apparel under the provisions of paragraph 402 of said act. To this ruling

[1] Reported in T. D. 33852 (25 Treas. Dec., 389).

the appellant interposed her formal protest, and that protest having been resolved against her by the Board of General Appraisers, she took the appeal which is now presented for determination.

It appears that the protestant, Florence S. Bache, was born in the United States and is the lawful wife of Jules S. Bache, a resident of the city of New York, in which place from the time of the marriage the family home was maintained without interruption. There were two children the issue of the marriage, one of whom was 18 and the other 15 years of age at the time of the first hearing before the board in December, 1911. The children were taken abroad by the mother about the year 1900 for the purpose of educating them, and from that time on the wife spent about nine months of each year with her children abroad and three months with her husband in the United States.

In 1905 Mrs. Bache began to occupy the apartments at No. 38 Avenue Marceau, Paris, France, which were leased by her husband for a period of three years with the privilege of extending the term to six or nine years, at his option. During all the time that Mrs. Bache was in Europe Mr. Bache continued to reside at the family home in New York, and, according to his own testimony, his business was there, his home was there, and there he exercised his right to vote. Occasionally he went to Europe and spent a few months with his wife; but so far as appears from the record he never manifested the slightest intention of forsaking the family home or of taking up his residence abroad. Mrs. Bache herself does not appear to have ever reached a settled conclusion in her own mind that she would not come back to the United States or that she would remain in Europe after the education of her daughters had been completed. As she puts it, " I don't know what I am going to do; I can not tell." From her testimony it is apparent that she would like to remain in Europe, but what she will ultimately do she herself says depends upon what the girls may do and what their future may be.

Even if Mrs. Bache were a single woman, it may be seriously questioned whether she could have acquired a new residence until she had definitely abandoned her original residence; but if she could, she could hardly be regarded as gaining a new residence until act and intent finally united in determining the new place of abode. Mitchell *v.* United States (88 U. S., 350, 352). But, however that may be, it is very obvious that a wife, admittedly in amicable relations with her husband, can not acquire a residence in Europe when the husband as the head of the family has elected to establish the family residence in the United States. However long the wife may be absent from her home—from the place in which the husband has elected to reside—the residence of the husband continues to be the residence of the wife, unless, of course, she has definitely left the

home for just cause or for any reason which would make it improper or impossible for her to avail herself of its protection. Harris *v.* Harris (82 N. Y. S., 568, 83 App. Div., 123); Hunt *v.* Hunt (72 N. Y., 217, 242–243); Cheely *v.* Clayton (110 U. S., 701, 709); Anderson *v.* Watt (138 U. S., 694, 706); Atherton *v.* Atherton (181 U. S., 155, 164).

We doubt extremely whether a wife, or any person, can have two different places of residence at the same time, but if such a contingency be possible it would result in this case in nothing more than to make Mrs. Bache a resident both of France and the United States, and that of course would not secure to her the exemptions from duty conceded by the statute to nonresidents.

Mrs. Bache was, in our opinion, a resident of the city of New York, in the United States, and was entitled to have entered free of duty only such wearing apparel or personal effects as she took out of the United States and such articles as she may have purchased abroad, not exceeding $100 in value.

The decision of the Board of General Appraisers is *affirmed.*