UNITED STATES *v.* DESSIN (No. 2502) [1]

CONSTRUCTION, PARAGRAPH 1695, TARIFF ACT OF 1922—EXEMPTION FOR " PERSONS ARRIVING IN THE UNITED STATES," AND FOR " RESIDENTS OF THE UNITED STATES RETURNING."

The exemption from duty in the first part of paragraph 1695, Tariff Act of 1922, of "Wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States," does not apply to a resident of this country; and such is permitted to bring in free only such wearing apparel or personal effects as he took out and such articles as he purchased abroad to the value of $100, under the second and third provisos. See *Bache v. United States,* 4 Ct. Cust. Appls. 414, T. D. 33852.

## United States Court of Customs Appeals, April 20, 1925

APPEAL from Board of United States General Appraisers, Abstract 48008

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.
*Walden & Webster* (*Walter F. Welch* of counsel) for appellee.

[Oral argument March 30, 1925, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:
Paragraph 1695 of the Tariff Act of 1922 provides as follows:

Wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States; but this exemption shall include only such articles as were actually owned by them and in their possession abroad at the time of or prior to their departure from a foreign country, and as are necessary and appropriate for the wear and use of such persons and are intended for such wear and use, and shall not be held to apply to merchandise or articles intended for other persons or for sale: *Provided,* That all jewelry and similar articles of personal adornment having a value of $300 or more, brought in by a nonresident of the United States, shall, if sold within three years after the date of the arrival of such person in the United States, be liable to duty at the rate or rates in force at the time of such sale, to be paid by such person: *Provided further,* That in case of residents of the United States returning from abroad all wearing apparel, personal and household effects taken by them out of the United States to foreign countries shall be admitted free of duty, without regard to their value, upon their identity being established under appropriate rules and regulations to be prescribed by the Secretary of the Treasury: *Provided further,* That up to but not exceeding $100 in value of articles acquired abroad by such residents of the United States for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be admitted free of duty.

Paragraph 642 of the act of 1913 was identical with the above-quoted paragraph, with the exception that the later statute amends the earlier by inserting therein the first proviso.

[1] T. D. 40864.

The first part of paragraph 709, of the act of 1909, *in pari materia* with the one here involved, also gave free entry to—

wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States; * * *

The undisputed facts in this case are as follows:

Importer, a resident of the United States, went to Germany in 1922, where she remained about a year and two months, returning September 14, 1923. Among other things, she took with her from this country to Germany, a brooch made of platinum and stones, presumably precious. While in Germany, and at the expense of $9 for the work, she caused the brooch to be made into earrings and a ring, without changing the stones or using other material than that in the brooch. Upon her return to this country, she made a declaration of personal articles as a returning resident. The collector assessed duty on the appraised value of the earrings and ring under paragraph 1428 of the Tariff Act of 1922 as jewelry. From such appraised value, an exemption of $100 was allowed and deducted, under the last proviso of paragraph 1695, and duty taken on the balance at the appropriate rate.

Importer claims that the merchandise was free of duty under the first part of paragraph 1695.

The Board of General Appraisers so held. We quote the relevant part of its opinion on this issue:

The remaining question is, can they be exempt under paragraph 1695, "Wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States; but this exemption shall include only such articles as were owned by them and in their possession abroad at the time of or prior to their departure from a foreign country, and as are necessary and appropriate for the wear and use of such persons, and are intended for such wear and use." That part of the paragraph, we understand, applies to all persons, regardless of citizenship, in any country. The proviso applies to residents of the United States returning from abroad and would exempt all wearing apparel, personal and household effects, taken by them out of the United States to a foreign country, upon their identity being established under appropriate rules and regulations to be prescribed by the Secretary of the Treasury.

The correctness of that ruling is the only question before us.

In *Bache* v. *United States*, 4 Ct. Cust. Appls. 414, T. D. 33852, practically the identical question stood for consideration. We there held that the provision for "wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States," found in paragraph 709 of the act of 1909, did not apply to residents of this country returning from abroad, saying that the importer there, a resident of this country, "was entitled to have entered free of duty, only such wearing apparel or personal effects as she took out of the United States

and such articles as she may have purchased abroad, not exceeding $100 in value."

The authority of this case was recognized in *Thompson* v. *United States,* 5 Ct. Cust. Appls. 341, T. D. 34534.

There appears no reason to give a different interpretation to the first part of paragraph 1695 of the act of 1922.

The judgment of the Board of General Appraisers is *reversed.*