**Ex parte GOON DIP, and three other cases.**

(District Court, W. D. Washington, N. D. September 23, 1924.)

Nos. 8749, 8750, 8778, 8866.

**1. Aliens ⚖︎25—Immigration Act 1924 held not to authorize exclusion of wife and minor children of resident Chinese merchant; "immigrants."**

Immigration Act May 26, 1924, § 13 (c), providing that "no alien ineligible to citizen-

ship shall be admitted to the United States unless such alien * * * (3) is not an immigrant as defined in section 3," which section excludes from the definition of "immigrants" certain aliens, including "(6) an alien entitled to enter the United States solely to carry on trade under and in pursuance of the provisions of a present existing treaty of commerce and navigation," *held* not to authorize the exclusion of the wife and minor children of a resident Chinese merchant, who are not "immigrants" as so defined, and who, under Treaty of Oct. 17, 1880, art. 2, as construed by the courts, are entitled to "go and come of their own free will."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Immigrant.]

**2. Aliens ⚖︎18—United States may admit or exclude whom it will.**

The sovereignty of the United States may not be successfully challenged by an alien; it may admit or exclude whom it will.

**3. Aliens ⚖︎22—Immigration Act 1924 construed with prior statutes and treaties.**

Immigration Act May 26, 1924, as expressly declared in section 25, is in addition to, and not in substitution for, the provisions of existing immigration law, and is to be construed together with prior statutes and treaties.

---

Habeas Corpus. Petition of Goon Dip, on behalf of Ng Jin Sing and others, for writ of habeas corpus, heard with three other similar petitions. Writs granted.

The applicants—Ng Jin Sing, age 13 years, Chin Yat Foo, 16, Ng Shar Fook, 16, Chu Kick, 20, Chan Jow Lam, 20, Leong Kai Soun, 20, Chin Sek Tong, 16, and Lock Moon Din, 17 years of age—are all unmarried minor sons of resident Chinese merchants. Wong Shee and Chin Wah Noon are respectively wife and minor son of a resident Chinese merchant, the son being 16 years of age and unmarried. Dong Shee, Chin Sze Jam, and Chin Sek Quong are respectively the wife and minor sons of a resident Chinese merchant, the minor sons being 13 and 14 years of age, respectively. Dong She (of different identity than above petitoner), Leong Gin, Leong Ming, and Leong Hop are respectively the wife and minor children of a resident Chinese merchant; the children Leong Gin and Leong Ming, 12 and 13 years of age, respectively, being unmarried sons, and Leong Hop, age 5, a daughter. Pon Shee, Ng Shee, and Lee Shee are respectively wives, and Wong Jun an unmarried minor daughter, of resident Chinese. Yee See Que is the unmarried minor son of a resident Chinese merchant.

The board of special inquiry took statements of the applicants and alleged husbands and fathers as to relationship and nationality, and they were then excluded "as aliens ineligible to citizenship, not included in the admissible classes of said aliens as set forth in subdivision (c) of section 13 of the Act

of May 26, 1924, * * * without regard to the question of their admissibility, in so far as the Chinese Exclusion Law is concerned, which question has not been investigated." Appeal was taken to the Secretary of Labor, the appeal dismissed, and applicants excluded. Application for writ of habeas corpus is made, each claiming to have been denied a fair hearing. The cases were submitted together, and the same rule applies to all.

John J. Sullivan, Hugh C. Todd, Fred H. Lysons, and Lewis Schwellenbach, all of Seattle, Wash., for applicants.

Donald G. Graham, Asst. U. S. Atty., of Seattle, Wash., for the United States.

NETERER, District Judge. [1] The sole question is whether the Immigration Act of 1924 (43 Stat. 153) takes from the applicants the rights enjoyed by the treaty stipulations and statutory enactments prior thereto. Approaching the issue from the inceptive rights by treaty stipulations and statutory enactments, we find by the Treaty of November 17, 1880 (22 Stat. 826, art. 2), "Chinese * * * merchants * * * together with their body and household servants * * * shall be allowed to go and come of their own free will. * * *" And in the Treaty of March 17, 1894 (28 Stat. 1211), extending the exclusion period 10 years (article 3), "the provisions of this convention shall not affect the right at present enjoyed of Chinese * * * merchants. * * *"

By Act April 27, 1904, § 5, exclusion was extended indefinitely (33 Stat. 428 [Comp. St. § 4337]). "A merchant is a person engaged in buying and selling merchandise * * * and who, during the time he claims to be engaged as a merchant, does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant." Act Nov. 3, 1893, § 2 (28 Stat. p. 8 [Comp. St. § 4324]).

[2] The sovereignty of the United States may not be successfully challenged by an alien. It may admit or exclude whom it will. A woman remains an alien notwithstanding her marriage to a citizen of the United States (Chung Fook v. White [C. C. A.] 287 F. 533), and the Congress has power to exclude aliens in contravention of treaty stipulations (Fong Yue Ting v. U. S., 149 U. S. 698, 13 S. Ct. 1016, 37 L. Ed. 905; Wong Wing v. U. S., 163 U. S. 228, 16 S. Ct. 977, 41 L. Ed. 140), and to exclude or deport the alien wives of resident aliens

or domiciled citizens of the United States for reason to the Congress sufficient. The Congress has excluded defectives and persons of constitutional psychopathic inferiority, as well as prostitutes, professional beggars, persons afflicted with loathsome, contagious, or dangerous diseases (see section 3, Act Feb. 5, 1917 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]), anarchists, and persons advocating the overthrow of government by force, etc. (see section 1, Act Oct. 16, 1918 [Comp. St. Ann. Supp. 1919, § 4289¼b(1)]). In Re Low Wah Suey v. Backus, 225 U. S. 461, 32 S. Ct. 734, 56 L. Ed. 1165, the Supreme Court held that a Chinese woman lawfully admitted, married to a citizen, who ignores the teachings of religion and usages of society and engages in prostitution, may be deported. See, also, Wong Wing, 163 U. S. 228, 16 S. Ct. 977, 41 L. Ed. 140.

Judge Deady, in Re Chung Toy Ho et al. (C. C.) 42 F. 398, 9 L. R. A. 204, held that the phrase in the treaty, supra, "body and household servants," does not exclude the wife and children of a Chinese merchant domiciled in the United States, since the domicile of the wife and children is that of the husband and father, and at page 400 says: "My conclusion is that under the treaty and statute, taken together, a Chinese merchant who is entitled to come into and dwell in the United States is thereby entitled to bring with him and have with him his wife and children. The company of the one and the care and custody of the other are his by natural right, and he ought not to be deprived of either, unless the intention of Congress to do so is clear and unmistakable."

The Supreme Court, in U. S. v. Mrs. Gue Lim, 176 U. S. 459 at page 464, 20 S. Ct. 415, 417 (44 L. Ed. 544) says, "It is sufficient to say that we agree with * * * Judge Deady in Re Chung Toy Ho, 42 F. supra;" and at page 468 (20 S. Ct. 419) says: "To hold that a certificate is required in this case is to decide that the woman cannot come into the country at all, for it is not possible for her to comply with the act, because she cannot in any event procure the certificate, even by returning to China. She must come in as the wife of her domiciled husband or not at all. The act was never meant to accomplish the result of permanently excluding the wife under the circumstances of this case, and we think that, properly and reasonably construed, it does not do so. * * * In the case of the minor children, the same result must follow as in

that of the wife. All the reasons which favor the construction of the statute as exempting the wife from the necessity of procuring a certificate apply with equal force to the case of minor children of a member or members of the admitted classes. * * * When the fact is established to the satisfaction of the authorities that the person claiming to enter, either as wife or minor child, is in fact the wife or minor child of one of the members of a class mentioned in the treaty as entitled to enter, then that person is entitled to admission without the certificate."

In Tsoi Sim v. U. S., 116 F. 920, 54 C. C. A. 154, the Circuit Court of Appeals of this circuit held that a Chinese woman married to a citizen of the United States of Chinese descent has the right of domicile of the husband and is entitled to enter and remain as his lawful wife. The domicile of the wife is that of the husband, even if living apart. See Cheely v. Clayton, 110 U. S. 701, 4 S. Ct. 328, 28 L. Ed. 298; Anderson v. Watt, 133 U. S. 694, 11 S. Ct. 449, 34 L. Ed. 1078.

The majority report of the committee on immigration and naturalization says: "The bill * * * exempts wives and children under eighteen * * * of American citizens."

Section 25, Immigration Law 1924, provides: "The provisions of this act are in addition to and not in substitution for the provisions of the immigration laws, and shall be enforced as a part of such laws. * * * An alien, although admissible under the provisions of this act, shall not be admitted * * * if he is excluded by any provision of the immigration laws other than this act, and an alien, although admissible under the provisions of the immigration laws other than this act, shall not be admitted to the United States if he is excluded by any provision of this act."

"Immigration laws" are defined in section 28 (g), Act, supra, to mean "all laws, conventions, and treaties * * * relating to the immigration, exclusion, or expulsion of aliens." Reference to such laws is made in the margin.[1]

An immigrant is "an alien" departing from any place outside the United States destined for the United States, * * * " except " * * * (6) an alien entitled to enter the United States solely to carry on trade under and in pursuance of the provisions of a present existing treaty of commerce and navigation." The wives and minor children are clearly not immigrants under subdivision (6), § 3, supra.

"No alien ineligible to citizenship shall be admitted to the United States unless such alien * * * (3) is not an immigrant as defined in section 3." Subdivision (c), § 13, Act, supra. The courts have for more than a generation construed article 2 of the treaty, supra, to read: "Chinese * * * merchants * * * together with their body and household servants, wives and minor children, shall be allowed to go and come. * * * "

[3] The report of the committee and the express provisions of the act clearly show the intent of the Congress not to disturb the relations existing under the prior law and treaty. I think that this act and the treaty and "immigration law" and prior judicial construction of the treaties and law and departmental construction must all be considered together, and under such consideration the court will be slow to assume that Congress intended to treat the treaty stipulations as a "scrap of paper." Chew Heong v. U. S., 112 U. S. 536, 5 S. Ct. 255, 28 L. Ed. 770; U. S. v. Mrs. Gue Lim, supra. Hence I think these aliens were denied a fair hearing.

[1] Act May 6, 1882 (22 Stat. 58 [Comp. St. §§ 4290–4302, 4359]) so-called "ten-year Exclusion Act"; Act Aug. 3, 1882 (22 Stat. 214), to regulate immigration; Act July 5, 1884 (23 Stat. 115 [Comp. St. § 4290 et seq.]), to execute treaty stipulations; Act Sept. 13, 1888 (25 Stat. 476), replacing so-called "Exclusion Act"; Act Oct. 1, 1888 (25 Stat. 504 [Comp. St. § 4303–4305]), to execute treaty stipulations; Act March 3, 1891 (26 Stat. 1084), Contract Labor Act; Act May 5, 1892 (27 Stat. 25 [Comp. St. §§ 4315–4323]), extending the exclusion period ten years, and providing that no bail shall be allowed on applica-

tion to any judge in the first instance of a Chinese denied entry; Act March 8, 1894 (28 Stat. 390), providing that the decision of immigration officials, if against admission of Chinese, is final, unless reversed on appeal; Treaty of March 17, 1894 (28 Stat. 1210), extending the exclusion period ten years (article 3, treaty: "The provisions of this convention shall not affect the right at present enjoyed of Chinese * * * merchants * * * "; Act April 29, 1902 (32 Stat. 176 [Comp. St. §§ 4337–4339]), extending exclusion period, not inconsistent with treaty stipulations; Act March 3, 1903 (32 Stat. 1213), General Immigration Act, Chinese not affected; Act April 27, 1904, § 5 (33 Stat. 428 [Comp. St. § 4337]), Exclusion Act continued without limitation; Act Feb. 20, 1907 (34 Stat. 898), General Immigration Act and Chinese Exclusion Act continued; Act Feb. 5, 1917 (39 Stat. 874 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.]), General Immigration Act and Chinese Exclusion Act not affected; Act Oct. 16, 1918 (40 Stat. 1012 [Comp. St. Ann. Supp. 1919, §§ 4289¼b(1)–4289¼b(3)]), to exclude anarchists, etc.; Act June 5, 1920 (41 Stat. 981 [Comp. St. § 4289¼b]), conditionally admitting certain illiterates; Act May 19, 1921, §§ 4, 5 (42 Stat. 7 [Comp. St. Ann. Supp. 1923, §§ 4289½c, 4289½d]), limiting admission of aliens, Chinese status not affected; Act May 11, 1922 (42 Stat. 540), extending Act May 19, 1921, to June 30, 1924.

The writ will issue, returnable October 1st. This will give opportunity to the board of special inquiry to further examine the aliens and determine their physical and mental fitness under the Immigration Law, and relationship to the respective resident alien merchants.