Ex parte (NG) FUNG SING.

(District Court, W. D. Washington, N. D. July 1, 1925.)

No. 9585.

1. **Constitutional law** ⟨⟩92—Immigration Act held to confer no vested right on woman, marrying alien to resume her American citizenship on termination of marital relation; "citizenship;" "race."

Act March 2, 1907, § 3 (Comp. St. § 3960), providing that American woman, who married a foreigner, should take the nationality of her husband, and at termination of marital relation might resume her American citizenship by returning to reside in United States, conferred no vested right on such a woman; "citizenship" conveying the idea of membership of a nation, and "race" meaning an ethnical stock from a distinct primitive source, a tribal stock, or subdivision of racial stocks of mankind.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizenship; Race.]

2. **Citizens** ⟨⟩2—Citizenship may be defined and privilege limited by Congress.

Citizenship is a political status, and may be defined and privilege limited by Congress.

3. **Citizens** ⟨⟩13—Congress has power to say what act shall expatriate a citizen, and prescribe requisites for resumption of citizenship.

Congress has power to say what act shall expatriate a citizen and forfeit right to protection abroad, and prescribe prerequisites for resumption of citizenship.

4. **Aliens** ⟨⟩1—"Alien" defined.

"Alien" has reference to a person owing allegiance to a foreign government.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alien—Alienage.]

5. **Aliens** ⟨⟩61—Chinese woman, born in United States, marrying Chinese citizen, held not entitled to admission on termination of marital relation.

Woman of Chinese race, born in United States, who married a Chinese citizen, is, for purposes of admission or citizenship, on termination of marital relation, considered as born in country of which she was a citizen, in view of Act Sept. 22, 1922, § 7 (Comp. St. Ann. Supp. 1923, § 3961b), which repeals Act March 2, 1907, § 3 (Comp. St. § 3960), and Act Sept. 22, 1922, § 4 (Comp. St. Ann. Supp. 1923, § 4358c), and Immigration Act 1924, §§ 3, 12(a), 13(a, c), and 25, and being of an excluded race and citizen of excluded racial country, was not eligible to citizenship, and could not be admitted.

Habeas Corpus. Application by (Ng) Fung Sing to secure her release, when denied admission under Immigration Act of 1924 (43 Stat. 153). Writ denied.

The petitioner, born at Port Ludlow, state of Washington, in October, 1898, of Chinese parents, in 1903 was taken by the parents, with other members of the family, consisting of two sons and four daughters, to China, where, in February, 1920, she married a Chinese, a citizen of China, who died July 2, 1924. Thereafter the petitioner arrived at the port of Seattle in April, 1925, to return to the United States to resume her "American citizenship." She was denied admission because she is ineligible for citizenship, and excluded under the Immigration Act of 1924. She seeks release under writ of habeas corpus. A show cause is issued.

Henry A. Monroe, of Seattle, Wash., for petitioner.

Donald G. Graham, Asst. U. S. Atty., of Seattle, Wash., for the United States.

NETERER, District Judge. [1-3] There is no fact in dispute. Against the government's contention that section 3 of Act of March 2, 1907 (section 3960, Comp. St.), upon whch petitioner bases her right to enter, was repealed by section 7 of the Act of Sept. 22, 1922 (42 Stat. 1022 [Comp. St. Ann. Supp. 1923, § 3961b]); the petitioner asserts that the right to resume "American citizenship" is vested under the act of 1907, supra.

"Citizenship" conveys the idea of membership of a nation. Minor v. Happersett, 88 U. S. (21 Wall.) 162, 22 L. Ed. 627. "Race" means an ethnical stock from a distinct primitive source; a tribal stock, or subdivision of the racial stocks of mankind (Bouvier); a descendant of a common ancestor; a tribe, people, or nation (Webster). Racially the petitioner is a Chinese (yellow race); politically she was born a member of the citizenry of the United States. Citizenship is a political status, and may be defined and the privilege limited by the Congress. The Congress has, no doubt, power to say what act shall expatriate a citizen and forfeit right to to "protection abroad," and prescribe prerequisites for resumption of citizenship. Petitioner has no vested right in the act, supra.

Section 3, Act 1907 (Comp. St. § 3960), supra, provides: "that any American woman who marries a foreigner shall take the nationality of her husband. At the termination of the marital relation she may resume her American citizenship * * * by returning to reside in the United States. * * *" Section 7, Act 1922, supra, repeals this section.

Section 4, Act 1922 (Comp. St. Ann. Supp. 1923, § 4358c), supra, reads: "That a woman who, before the passage of this act, has lost her United States citizenship by rea-

son of her marriage to an alien eligible for citizenship, may be naturalized as provided by section 2 of this act. * * *"

[4] "Alien" has reference to a person owing allegiance to a foreign government. Gonzales v. Williams, 192 U. S. 1, 24 S. Ct. 177, 48 L. Ed. 317. Nationality is determined by country of birth, unless born in the United States; then in the country of which the applicant is a citizen or subject. Section 4289¾f (a), vol. 1, P. S. U. S. C. S. No. 4, 1924; section 12(a) Immi. Act 1924.

Section 13 (c), Immigration Act 1924, declares: "No alien ineligible to citizenship shall be admitted to the United States unless such alien"—meets certain conditions.

"'Immigrant' means any alien departing from any place outside the United States destined for the United States"—with certain exceptions. Section 4289¾aa, Pamph. Supp. C. S., supra; section 3, Act, supra.

"An immigrant born in the United States who has lost his United States citizenship shall be considered as having been born in the country of which he is a citizen or subject. * * *" Section 4289¾f (a), supra; Act 1924, § 12(a).

"* * * No immigrant shall be admitted to the United States unless * * * admissible under the Immigration Laws." Section 4289¾ff (a), P. S. U. S. C. S., supra; Act 1924, § 13(a).

"The provisions of this act [1924] are in addition to and not in substitution for the provisions of the immigration laws, and shall be enforced as a part of such laws, and all the penal or other provisions of such laws, not inapplicable, shall apply to and be enforced in connection with the provisions of this act. An alien, although admissible under the provisions of this act, shall not be admitted to the United States if he is excluded by any provision of the immigration laws other than this act, and an alien, although admissible under the provisions of the immigration laws other than this act, shall not be admitted to the United States if he is excluded by any provision of this act. Section 4289¾ll; section 25, Immigration Act 1924."

[5] This court considered the Immigration Act of 1924 with relation to exclusion and immigration laws in Ex parte Goon Dip, 1 F.(2d) 811, and Ex parte Palo, 3 F.(2d) 44. The exclusion laws (Ex parte Goon Dip; Ex parte Palo, supra) exclude persons of Chinese descent, from whatever country, including the island possessions of the United States. While the petitioner was born in the United States, by the provisions of the laws, supra, for the purposes of admission or citizenship, she is considered as born in the country of which she is a citizen. Being of an excluded race, and a citizen of such excluded racial country, she is not eligible to citizenship, and under the law may not be admitted.