LEE TAI ON ex rel. LEE AH THLUE v. TILLINGHAST, United States Commissioner of Immigration.

Circuit Court of Appeals, First Circuit. November 27, 1928.

No. 2282.

E. F. Damon and Walter Bates Farr, both of Boston, Mass., for appellant.

Frederick H. Tarr, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a habeas corpus petition brought in the District Court of Massachusetts to secure the discharge of Lee Ah Thlue (pronounced Slue) from the custody of the Commissioner of Immigration by whom she was held for deportation to China.

The applicant, Lee Ah Thlue, applied for admission to this country as the foreign-born daughter of Lee Tai On, who is conceded to be an American citizen. She was examined by the immigration authorities at the port of Boston in June, 1928, and the Board of Special Inquiry ordered her excluded on the ground that the claimed relationship had not been reasonably established.

An appeal having been taken to the Secretary of Labor, the Board of Review, after considering the matter, recommended that the decision of the Board of Special Inquiry be affirmed and the appeal dismissed. The Assistant Secretary so ordered.

In the District Court the habeas corpus petition was dismissed, the writ denied, and this appeal taken.

The sole ground relied upon by the peti-

tioner is that there was no substantial evidence to support the decision of the immigration authorities excluding the applicant.

The applicant is a woman, 29 years of age. She testified that she was born in Wah Hen Village, China, where she lived until she was 11 or 12 years old; that she then moved with her family to Hing Ning Village, where she continued to live up to the time she left for the United States; and that she was never married.

The alleged father testified that the applicant was his daughter; that, when she was between 4 and 7 years of age, she moved to Hing Ning Village with her family, and had always lived there since that time; that she was never married; and that he never had but one daughter.

It also appeared that the alleged father testified at Boston in 1917 as a witness for Chin Suey Kee, an applicant for admission. That he again testified as a witness at Boston in 1921 for Chin Yuen Ling, an applicant for admission, who claimed to be coming from Hing Ning Village and to live in the same row of houses where Lee Tai On's family lived. He testified again at Boston in 1921 as a witness for his son, Lee Yoke Sue. In 1917 he testified that he had one daughter who was married; and in 1921 that his daughter Lee Ah Thlue (Slue) had married into the Leung family, and was then living in Sai Chuck Village, S. N. D. His son, Lee Yoke Sue, also testified in 1921 that his sister, Lee Ah Thlue (Slue), was then 22 or 23 years old, had been married to Leung Ah Bow for 4 or 5 years, and was living in Sai Chuck Village, S. N. D., and that she had a son born that year.

Chin Yuen Ling, for whom the alleged father, Lee Tai On, testified at Boston in 1921, at that time testified that he lived in the same row of houses in the Hing Ning Village as Lee Tai On's family; and that the alleged father had a married daughter, who did not live there. Chin Go Chuck, the father of Chin Yuen Ling, who was a witness for his son at Boston in 1921, testified that he was last in China in 1919, and that the applicant's alleged father, who lived in the first house in his row, had one daughter, Lee Ah Thlue (Slue), who was married.

The applicant testified that she was asked at the ticket office in Hong Kong if she was married, and the records in the Canadian National Railway office at Boston listed her as being married.

The applicant denied that she had ever married, and also testified that her alleged father had a brother, who was married and lived in Hing Ning Village until she was 15 or 16 years old; that her uncle's wife's name was Yung She and that she visited the aunt frequently; that they had no children; and that she had never heard that this uncle had a son and daughter. When told that certain witnesses had testified that he had a son and daughter, she replied that the uncle had no children at the time they lived in Hing Ning Village; and later, when informed of her father's testimony about this, she said the uncle had one son at that time, she did not know his name, who was over 10 and younger than herself; that he did not have a daughter at that time; that she would have known if he had had a daughter.

The alleged father, when questioned with reference to this testimony of the applicant— that the uncle's family lived in Hing Ning Village, that the wife's name was Yung She, that she visited the aunt frequently, and that they only had a son—stated that she was entirely wrong; that the wife's name was Leung She; and that they never lived in Hing Ning Village.

In view of this evidence, we do not think the immigration authorities were precluded from finding that the applicant had failed to establish her relationship, or, if the relationship should have been found to exist, that it had ceased to be of consequence by reason of her marriage. Ex parte Fung Sing (D. C.) 6 F.(2d) 670.

The decree of the District Court is affirmed.