**UNITED STATES v. KWAN SHUN YUE.**

No. 12891.

United States Court of Appeals
Ninth Circuit.

Jan. 28, 1952.

Walter S. Binns, U. S. Atty., Clyde C. Downing and Robert K. Grean, Assts., all of Los Angeles, Cal., for appellant.

Benjamin W. Henderson, Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Kwan Shun Yue, a national of China, hereinafter referred to as the alien, applied for admission into the United States July 20, 1924, upon the strength of a certificate as a treaty merchant visaed by an American Consul June 27, 1924, Treaty of Commerce and Navigation between the United States and China dated November 17, 1880, 22 Stat. 826; § 6, Chinese Exclusion Act, 22 Stat. 58, at p. 60, Act of May 6, 1882, as amended, 8 U.S.C.A. § 265, subsequent Treaty between the United States and China dated March 17, 1894, 28 Stat. 1210.

The Board of Review, Department of Labor, ordered the alien excluded, finding that he was not seeking entry as a bona fide merchant.[1]

1. This petitioner's right to enter the United States was predicated essentially upon Article II of the Treaty of Commerce and Navigation between the United States and China dated November 17, 1880, 22 Stat. 826, and a subsequent

The alien petitioned in habeas corpus and the United States District Court ordered the Board to permit the entry. This court affirmed the judgment, holding that the treaty between China and the United States, cited in footnote 1, had not been abrogated and that the certificate was prima facie evidence as to the alien's right to enter as a treaty merchant. Weedin v. Wong Tat Hing, et al., 9 Cir., 1925, 6 F.2d 201.

Prior to the application for entry, July 20, 1924, the Naturalization and Immigration Act of 1924 had been enacted and was in effect as of July 1, 1924, 43 Stat. 153, 8 U.S.C.A. § 201. This Act provided:

Section 13(c): "No alien ineligible to citizenship [Chinese were ineligible until December 17, 1943] shall be admitted to the United States unless such alien * * * (3) is not an immigrant as defined in section 3."

Section 3: "When used in this Act the term 'immigrant' means any alien departing from any place outside the United States destined for the United States, except * * (6) an alien entitled to enter the United States solely to carry on trade * * *."

Section 15 of the Act provided that a treaty merchant entering the United States was subject to regulations as to time of stay and as to the giving of bond: "* * * to insure that, at the expiration of such time [stay] or upon failure to maintain the status under which admitted, he will depart from the United States".

On January 5, 1951, the alien was before the district court upon his petition for citizenship and the district court granted the petition over the government's objection. The government is here appealing from the judgment.

The record seems to indicate that subsequent to his entry the alien married a citizen of the United States and that he and the woman he married maintain the status of husband and wife.

It is the government's contention that, since the Immigration Act of 1924 was effective at the time of the alien's entry, the limitations of the Act upon the privileges accorded to treaty merchants applied to him. Therefore, his entry was not as an immigrant entitled to take up a residence in this country and in due time apply for citizenship, but as a sojourner for a limited purpose with no right to acquire a permanent residence. Both parties concede that only one entering for permanent residence can be nationalized.

It is contended by the alien that since he was permitted to enter under the treaties hereinbefore mentioned, as held by the district court in the early habeas corpus proceeding and affirmed by this court in Weedin v. Wong Tat Hing, supra, the entry was for permanent residence.

It appears that the alien arrives at his view of his rights by reasoning that since no limitations as to stay in this country were fixed by the treaties upon a treaty merchant, no limitations upon his privileges in this country could be prescribed by Congress. He states in his brief: "The Act did not modify or abrogate the treaty in any respect and the petitioner [alien] was lawfully admitted under the terms of said treaty for permanent residence in the Unit-

treaty of March 17, 1894, 28 Stat. 1210.

The pertinent section of Article II of the 1880 Treaty reads as follows: "Chinese subjects, whether proceeding to the United States as teachers, students, merchants or from curiosity, together with their body and household servants, and Chinese laborers who are now in the United States shall be allowed to go and come of their own free will and accord, and shall be accorded all the rights, privileges, immunities, and exemptions which are accorded to the citizens and subjects of the most favored nation."

The pertinent section of the 1894 Treaty is Article III which reads as fol-

lows: "The provisions of this Convention shall not affect the right at present enjoyed of Chinese subjects, being officials, teachers, students, merchants or travellers for curiosity or pleasure, but not laborers, of coming to the United States and residing therein. To entitle such Chinese subjects as are above described to admission into the United States, they may produce a certificate from their Government or the Government where they last resided vised by the diplomatic or consular representative of the United States in the country or port whence they depart. * * *"

ed States." Such was the view of the district court as expressed in its informal opinion in deciding the instant case. The court also specifically relied upon Petition of Wong Choon Hoi, D.C.S.D.Cal.1947, 71 F.Supp. 160, but we think the case is not apposite.

The main support to this view of the law is the fact that treaty merchants entering before the Naturalization and Immigration Act of 1924 are held to be unlimited as to the right to acquire a permanent residence, hence, if otherwise qualified, entitled to be naturalized. See authorities under note. [2]

Consistent with such view it has been held that the Naturalization and Immigration Act of 1924 does not prevent minors and wives of treaty merchants from acquiring permanent residence in cases where the merchant entered before the Act, and the minors and wives entered subsequent to the Act. Such holding seems to be based upon the American conception of the unity of the family. See authorities under note.[2] The authorities are in agreement that treaty merchants entering subsequent to the Naturalization and Immigration Act of 1924 are limited in their privileges while here by the terms of that Act. They also show that the courts, in subsequent decisions, do not regard the Weedin case, supra, as holding that the treaties between China and the United States preclude Congressional action limiting the privileges of a treaty merchant who enters subsequent to such enactments. They also clearly show that Congressional enactments supersede treaty provisions inconsistent with them. See Moser v. United States, 1951, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729; and Clark v. Allen, 1947, 331 U.S. 503, 67 S.Ct. 1431, 91 L.Ed. 1633, 170 A.L.R. 953; Pigeon River Improvement, Slide & Boom Co., v. Charles W. Cox, Ltd., 1934, 291 U.S. 138, 54 S.Ct. 361, 78 L.Ed. 695; Head Money Cases (Edye v. Robertson), 1884, 112 U.S. 580, 5 S.Ct. 247, 28 L.Ed. 798.

In the case of In re Pezzi, D.C.S.D.Cal. 1928, 29 F.2d 999, the alien and her husband entered the United States subsequent to the Act of 1924, the husband as a treaty merchant, the wife as a non-immigrant alien, the entry record stating that the wife was admitted as a "temporary visitor". Thereafter she was permitted by the Department of Labor, then in charge of immigration, to remain as long as her husband maintained his status as a treaty merchant. The opinion in the case was carefully prepared by the late District Judge Henning and we think it worthy of great respect. We quote from its text at page 1001: "[1] In order to be entitled to naturalization, an alien must establish lawful entry into the United States as an immigrant, with intent to remain in the United States permanently. An alien who enters the United States *without inspection and admission as an immigrant for permanent residence* is not entitled to naturalization under our statutes." [Emphasis in original opinion.]

The case of *Subhi Mustafa Sadi v. United States*, 2 Cir., 1931, 48 F.2d 1040, emphasizes the requirement that before naturalization it must be shown that the alien was permitted entrance into this country as a permanent resident. The alien came to the United States with a quota visa from Syria. The quota from that country was exhausted on the day of the petitioner's arrival. For that reason admission was denied the petitioner. He was, however, allowed temporary entrance under the notation "quota exempt, admitted as a bonafide student for a period of two years, under Immigration Act of 1921, as extended." The alien appears to have overstayed his permissive entry and declared intention for citizenship in 1926. Upon being arrested and ordered deported he sought habeas corpus and was released from custody. Later he petitioned for naturalization and it was denied on the ground that his declaration was invalid because he had no legal residence in the United States.

2. The following cases hold that a treaty merchant's entry into the United States prior to any limitation on his stay in the United States was in effect an entry for permanent residence: Ex parte Goon Dip, D.C.W,D.Wash.1924, 1 F.2d 811; Wong Sun Fay v. United States, 9 Cir., 1926, 13 F.2d 67; Haff v. Yung Poy, 9 Cir., 1933, 68 F.2d 203; In re Chi Yan Cham Louie, D.C.W.D.Wash.1946, 70 F.Supp. 493; Petition of Wong Choon Hoi, D.C.S.D.Cal.1947, 71 F.Supp. 160.

In the instant case, the government also claims that citizenship could not be granted petitioner because "Petitioner did not file with his petition a Certificate of Arrival showing admission into the United States as an immigrant for permanent residence." The foregoing demonstrates that he could not have done so. The authorities indicate that the filing of such a certificate is necessary.[3]

We must and do conclude that:

 (a) A treaty merchant entering the United States since the effective date of the Naturalization and Immigration Act of 1924 does not enter as an immigrant.

■ (b) Only those entering as immigrants establish formal residence and gain eligibility to citizenship.

■ (c) The removal of the proscription against eligibility for citizenship of a Chinese neither naturalizes a Chinese nor waives the general requirements to naturalization.

■ (d) Marriage of the alien to an American citizen effects no relevant change in this case.

The United States Supreme Court in United States v. Ginsberg, 1917, 243 U.S. 472, 37 S.Ct. 422, 425, 61 L.Ed. 853, said: "An alien who seeks political rights as a member of this nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare. * * *

"No alien has the slightest right to naturalization unless all statutory requirements are complied with * * *."

■ Notwithstanding its apparent harshness we conclude that the judgment must be reversed.

---

3. Kaplan v. Tod, 1925, 267 U.S. 228, 45 S.Ct. 257, 69 L.Ed. 585; United States v. Ness, 1917, 245 U.S. 319, 38 S.Ct. 118, 62 L.Ed. 321; Zartarian v. Billings, 1907, 204 U.S. 170, 27 S.Ct. 182, 51 L.Ed. 428.

In Jow Gin v. United States, 7 Cir., 1949, 175 F.2d 299, at page 304, the court says: "That a Certificate of Arrival predicated upon a registry made at the time of an alien's entrance into this country showing lawful entrance for permanent residence is an indispensable requisite for admission to citizenship is plainly shown by the authorities."