## UNITED STATES v. KWAI TIM TOM.

### No. 13205.

United States Court of Appeals
Ninth Circuit.

Jan. 27, 1953.

Howard K. Hoddick, Acting U. S. Atty., Honolulu, Hawaii, Chauncey Tramutolo, U. S. Atty., and Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellant.

N. W. Y. Char, Honolulu, Hawaii, for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

DENMAN, Chief Judge.

The United States appeals from a judgment of the United States District Court of Hawaii admitting Kwai to citizenship under 8 U.S.C.A. § 711 [1] as an alien in Hawaii more than two years there married to an American citizen, facts not questioned here.

The ground of the Government's appeal is that Kwai, an alien Chinese, is not a person lawfully admitted to permanent residence in the United States and hence under the provisions of 8 U.S.C. § 729(c) [2] cannot be naturalized.

The question here is whether Kwai's father at the time of Kwai's entry into the United States was an alien merchant in the United States pursuant to Article II of the Treaty of 1880 with China, providing:

"Article II.

"Chinese subjects, whether proceeding to the United States as teachers, students, merchants or from curiosity, together with their body and household servants, and Chinese laborers who are now in the United States shall be allowed to go and come of their own free will and accord, and shall be accorded all the rights, privileges, immunities, and exemptions which are accorded to the citizens and subjects of the most favored nation." 22 Stat. 827.

Under the decision in United States v. Gue Lim, 176 U.S. 459, 20 S.Ct. 415, 416, 44 L.Ed. 544, this article of the treaty gave to one who proved she was the wife of a Chinese merchant engaged in a mercantile business in Seattle, Washington, for "over a year" the right to enter as such wife. So also are the children of a Chinese merchant so engaged in business in the United States. The Supreme Court is not concerned with the occupation of the fathers prior to the time they became merchants. The status of such wives and children thus became that of persons "lawfully admitted to permanent residence in the United States." United States v. Yin Liu, 2 Cir., 190 F.2d 400, 401; United States v. Lee Cheu Sing, 10 Cir., 189 F.2d 534.

It is agreed that Kwai's father who had theretofore been a Chinese laborer lawfully in the United States became such a merchant in 1926, a fact so found by the immigration authorities in 1928.

The United States claims that if the father had become such a merchant prior to 1924, Kwai would have had the required permanent residence and have been admitted to citizenship. It claims that the Immigration Act of 1924 deprived Kwai's father and Kwai of thus acquiring permanent residence by § 15, 8 U.S.C.A. § 215, in effect amending Article II of the 1880 treaty by denying to the aliens thereafter entering the United States a permanent residence and making the residence limited in time. [3]

1. 8 U.S.C.A. § 711 provides in part:
"A person who * * * marries a citizen of the United States * * * if such person shall have resided in the United States in marital union with the United States citizen spouse for at least one year immediately preceding the filing of the petition for naturalization, may be naturalized * * * upon compliance with all requirements of the naturalization laws with the following exceptions:
"(a) No declaration of intention shall be required.
"(b) The petitioner shall have resided continuously in the United States for at least two years immediately preceding the filing of the petition * * *."

2. "Except as otherwise provided in this chapter, no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this chapter and of the immigration laws." 64 Stat. 1015.

3. "§ 215. Admission of persons excepted from definition of immigrant and nonquota immigrants; maintenance of exempt status
"The admission to the United States of an alien excepted from the class of immigrants by clause (1), (2), (3), (4), (5), or (6) of section 203 of this title, or declared to be a nonquota immigrant by subdivision (e) of section 204 of this title, shall be for such time and under such conditions as may be by regulations prescribed (including, when deemed necessary for the classes mentioned in clause

However, it appears from the opening words of § 215, "The admission to the United States of an alien", that its provisions are confined to merchants thereafter seeking admission to the United States. Kwai's father's position was sui generis. He was one of the Chinese in Hawaii on its annexation by the treaty of 1898. He has never sought and is not now seeking admission as a merchant. He is here as a merchant and § 215 does not apply to him. Under the cases above cited he is here as a merchant under Article II of the Chinese treaty entitled to permanent residence and Kwai as his son is a permanent resident. He was properly admitted to citizenship as the husband of an American citizen.

The judgment is affirmed.

(2), (3), (4), or (6) of section 203 of this title and subdivision (e) of section 204 of this title, the giving of bond with sufficient surety, in such sum and containing such conditions as may be by regulations prescribed) to insure that, at the expiration of such time or upon failure to maintain the status under which admitted, he will depart from the United States: * * *."

