**Sidney HING LOWE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14620.**

United States Court of Appeals
Ninth Circuit.

March 5, 1956.

N. W. Y. Char, Honolulu, Hawaii, William J. Gintjee, San Francisco, Cal., for appellant.

Louis B. Blissard, U. S. Atty., Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for appellee.

Before BONE and LEMMON, Circuit Judges, and HARRISON, District Judge.

HARRISON, District Judge.

Sidney Hing Lowe, a citizen of China, filed a petition for naturalization on July 1, 1954 under 8 U.S.C.A. § 1427, in the United States District Court for the District of Hawaii. Jurisdiction was based on 8 U.S.C.A. § 1421. The petition for naturalization was denied on November 15, 1954, and this appeal followed.

There is no controversy as to the facts. The appellant arrived in the United States as a visitor at the Port of Honolulu on the S. S. Niagara on January 29, 1926, and in 1928 changed his status administratively from a visitor to a treaty merchant. The only question presented is whether Lowe was lawfully admitted to the United States for permanent residence. When he changed his status from a visitor to a treaty merchant administratively, without leaving the country and making a new entry, did he acquire permanent residence for naturalization in compliance with the provisions of 8 U.S.C.A. § 1429?

The determination of whether the appellant was or was not lawfully admitted to the United States for permanent residence turns on whether or not he falls under the terms of Article II of the Treaty of Nov. 17, 1880 between the United States and China, 22 Stat. 827. Article II of the Treaty provides:

"Chinese subjects, whether proceeding to the United States as teachers, students, merchants or from curiosity, together with their body and household servants, and Chinese laborers who are now in the United States shall be allowed to go and come of their own free will and accord, and shall be accorded all the rights, and privileges, immunities, and exemptions which are accorded to the citizens and subjects of the most favored nation."

■ Chinese merchants prior to the effective date of the Act of 1924, under the terms of this Treaty, are in the United States for permanent residence. Cheung Sum Shee v. Nagle, 1925, 268 U. S. 336, 45 S.Ct. 539, 69 L.Ed. 985; United States v. Gue Lim, 176 U.S. 459, 20 S.Ct. 415, 44 L.Ed. 544; Haff v. Yung Poy, 9 Cir., 1933, 68 F.2d 203.

The Immigration Act of 1924, § 15, 8 U.S.C.A. § 215 [1], however, modified the status of Chinese who came as treaty merchants after the Act of 1924, from that of entry for permanent residence to that of temporary residence. United States v. Kwan Shun Yue, 9 Cir., 1952, 194 F.2d 225. Section 15 of the Act provides that a treaty merchant entering the United States was subject to regulations as to time of stay and as to the giving of bond: " * * * to insure that, at the expiration of such time or upon failure to maintain the status under which admitted, he will depart from the United States".

The Act of 1924 also provided:

Section 13(c) [2]: "No alien ineligible to citizenship [Chinese were only made eligible in 1943 by amendment to § 303 of the Nationality Act of 1940, 8 U.S.C.A. § 703] shall be admitted to the United States unless such alien * * * (3) is not an immigrant as defined in section 3."

Section 3 [3]: "When used in this Act the term 'immigrant' means any

1. Now 8 U.S.C.A. §§ 1102, 1184, 1251(e).
2. Now 8 U.S.C.A. § 1182(a).
3. Now 8 U.S.C.A. § 1101(a) (15) (E).

alien departing from any place outside the United States, destined for the United States, except  *  *  * (6) an alien entitled to enter the United States solely to carry on trade  *  *  *."

▇ There is no doubt that a treaty may be modified by a subsequent act of Congress. Clark v. Allen, 1947, 331 U.S. 503, 508–509, 67 S.Ct. 1431, 91 L.Ed. 1633; Head Money Cases, (Edye v. Robertson), 1884, 112 U.S. 580, 597–599, 5 S.Ct. 247, 28 L.Ed. 798; Moser v. United States, 1951, 341 U.S. 41–45, 71 S.Ct. 553, 95 L.Ed. 729.

▇ Although the appellant first arrived in the United States in 1926 this fact in itself is not controlling. See e. g. Petition of Wong Choon Hoi, D.C.S.D. Cal.1947, 71 F.Supp. 160; Ex parte Goon Dip, D.C.W.D.Wash.1924, 1 F.2d 811; Cheung Sum Shee v. Nagle, 1925, 268 U.S. 336, 45 S.Ct. 539, 69 L.Ed. 985; In re Chi Yan Cham Louie, D.C.W.D.Wash. 1946, 70 F.Supp. 493; United States v. Kwai Tim Tom, 9 Cir., 1953, 201 F.2d 595, where the date of entry is related back to a time prior to 1924. Here, however, the petitioner's first status was governed by the Immigration Act of 1924 and his changed status remained governed by the same Act. A treaty merchant entering the United States after the effective date of the Immigration Act of 1924 does not enter as an immigrant and cannot be naturalized. United States v. Kwan Shun Yue, 9 Cir., 1952, 194 F.2d 225.

There does not appear to be anything in this matter bringing it within the orbit of United States v. Kwai Tim Tom, 9 Cir., 1953, 201 F.2d 595, relied upon by the appellant, or other cases where the entry date is related back, and since no alien has the right to naturalization unless all statutory requirements are satisfied [United States v. Ginsberg, 1917, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853], the judgment below is affirmed.