# WRIGHT v. COLUMBUS, HOCKING VALLEY AND ATHENS RAILROAD COMPANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 91.  Submitted December 18, 1899. — Decided February 26, 1900.

The Federal question set up in the assignment of errors is precisely the same as the one set up in No. 90, *ante,* 469, and No. 92, *ante,* 481, and being the only one called to the attention of the court by counsel, those cases are followed in this.

THIS was also a petition in the same court to enjoin the railroad company from entering upon or taking possession of the canal property and constructing a railroad thereon, but in certain particulars differs from the case already considered.

Plaintiff averred that he is the owner in fee simple of a certain tract of land in the county of Hocking, through and along which said canal passes; that he is also the owner of a mill located on said land on the south side of the canal, which is now and has been for many years past operated by water power supplied by the canal; that such mill was originally constructed before the location and construction of the Hocking Canal, and was run and operated by water power from the Hocking River until the canal was constructed, when it became necessary to appropriate the Hocking River and the water power which had been used to supply his mill for the purposes of the canal; that at that time the land and the mill were owned by one Worthington, who entered into a contract with the State, by which the latter agreed to enlarge and forever maintain the dam across the Hocking River above the grist mill, in order to afford an ample supply of water, in consideration of his granting to the State the right to construct the canal through his lands; that the canal was constructed and the dam built in pursuance of such contract, and that all the water power necessary to operate the mill has been supplied from the said canal and the Hocking River up to the present time; that the plaintiff is the present owner of the land by deeds from Worthington, and that the grist mill has been supplied by such power from the Hocking River and the canal from the date of the construction of the canal, a period of fifty-seven years; that, relying upon such contract, he has made improvements and repairs upon said mill, put the same in excellent condition, and is doing a large and profitable business; that, if the defendant is permitted to enter upon the canal and construct its railroad, the water power will be cut off and destroyed, and the property rendered of little value; that he is also the owner of other lands on both sides of the canal for a long distance, to the amount of

a thousand acres, and that the construction of the railroad will place increased burdens upon his lands, and cut off and destroy his access to parts of them through the highways, and that he will be deprived of watering privileges for his stock.

A general demurrer was filed to this petition, which was sustained by the court and the petition dismissed. Plaintiff appealed to the Circuit Court, which also sustained the demurrer and dismissed the petition. Whereupon plaintiff appealed the case to the Supreme Court of the State, which affirmed the judgment of the Circuit Court, whereupon plaintiff sued out a writ of error from this court.

*Mr. J. B. Foraker, Mr. T. E. Powell* and *Mr. D. J. Ryan* for plaintiffs in error.

*Mr. D. L. Sleeper, Mr. C. H. Grosvenor* and *Mr. John J. Stoddart* for defendant in error.

Mr. Justice Brown delivered the opinion of the court.

Plaintiff insisted before the Supreme Court that he made the improvements on his mill with reference to the contract between the State and the Federal Government, but the Supreme Court was of opinion that he had no legal right to make investments on the faith of a contract between others to which he was not a party or privy, and insist for that reason the contract should be observed by either of the parties; that, so far as related to the contract between Worthington and the State, his remedy would be in damages for breach of the contract, and not an injunction against the company entering upon the lands purchased from the State in which he had no interest. The decree against him was therefore affirmed.

The Federal question set up in the assignment of errors was precisely the same as in the other cases, and the issues which arise from such assignments are the only ones called to our attention by counsel. The judgment of the Supreme Court is therefore

*Affirmed.*