## In re CHI YAN CHAM LOUIE.
### No. 39067.

District Court, W. D. Washington, N. D.
Aug. 29, 1946.

J. Charles Dennis, U. S. Atty., and John P. Boyd, Jr., U. S. Immigration Station, both of Seattle, Wash., for the United States.

Fred H. Lysons, of Seattle, Wash., for petitioner.

Edward E. Merges, of Seattle, Wash., amicus curiæ.

BLACK, District Judge.

In connection with the petition of Chi Yan Cham Louie for naturalization, the question for me to decide this morning is whether or not the objection of the Immigration and Naturalization Department that in no event is she entitled to become an American citizen, upon the ground that the petitioner is of the Chinese race born in China and did not enter the United States as an immigrant, is well taken.

This question has been presented by the brief of the petitioner, by the brief of the United States Immigration and Naturalization Service and by the brief of amicus curiæ.

I indicated some little time ago that unless the Immigration and Naturalization Service was able to present to me certain authority my decision would be against the objection raised. At such earlier time the court suggested that the Supreme Court decisions of United States v. Mrs. Gue Lim et al., 176 U.S. 459, 20 S.Ct. 415, 44 L.Ed. 544, and Cheung Sum Shee v. Nagle, 268 U.S. 336, 45 S.Ct. 539, 69 L. Ed. 985, and the decision in Haff, Acting Commissioner of Immigration, v. Yung Poy, 9 Cir., 68 F.2d 203, were controlling. The Immigration and Naturalization Service presented nothing further than was presented in the brief.

Under the holding of the Circuit Court of Appeals for this Circuit and under the holding of the United States Supreme Court, the Immigration Law of 1924, 8 U. S.C.A. § 201 et seq., did not supersede the Treaty of Nov. 17, 1880, 22 Stat. 826, and vacate and set same aside. Cheung Sum Shee v. Nagle, 268 U.S. 336, 45 S.Ct. 539, 69 L.Ed. 985; Haff, Acting Commissioner of Immigration v. Yung Poy, 9 Cir., 68 F.2d 203; and see United States v. Mrs. Gue Lim et al., 176 U.S. 459, 20 S.Ct. 415, 44 L.Ed. 544. Under the decisions of those two courts, since 1924 the wife and children of a merchant coming to the United States before 1924 and under the Treaty of 1880 were permitted over objection of the Immigration Service to remain as the children and wife or members of the family of such merchant here under the Treaty rights. Both the Circuit Court of Appeals for this Circuit and the United States Supreme Court have held that under such circumstances members of the family coming here after 1924 came here by virtue of the treaty.

It seems to me, therefore, it is settled law that this petitioner, coming to the United States in 1927 and being the daughter of a merchant who came here long before 1924 under the Treaty, came here for permanent residence—she came here under the Treaty.

It is true that the certificate of admission did not describe her as an immigrant. However, I assume that not since about 1880 until after the Act of 1943 has any person from China been listed as entering the United States as an immigrant; but both before 1924 and since the Supreme Court of the United States has said that those coming here under the Treaty of 1880 and their families, whether coming with the

merchant or thereafter, came for permanent residence.

I am mindful of the Report of the House Committee on Immigration and Naturalization with respect to the Act of December 17, 1943, 8 U.S.C.A. § 703, which made persons of the Chinese race eligible for United States citizenship; but, as I read what that committee says, it is certainly as capable of construction in favor of the admissibility of this petitioner as it is against her. In fact, to me, it seems to be much more persuasive in support of the petitioner's contention than it is in support of the contention of the Immigration and Naturalization Service. In that report it is said: "The number of Chinese who will actually be made eligible for naturalization under this section is negligible. There are approximately forty-five thousand alien Chinese persons in the United States (continental, territorial and insular). However, a large number of these have never been admitted to the United States for lawful permanent residence, which is a condition precedent to naturalization, and, therefore, many of this number would not be eligible for naturalization, not because of racial disability, but because they cannot meet existing statutory requirements of law."

It should be particularly noted that the Congressional Committee said, "However, a large number of these Chinese have never been admitted to the United States for lawful permanent residence," but this petitioner, unquestionably, in 1927 was admitted to the United States for lawful permanent residence. She, therefore, is not excluded.

If Congress had intended only those persons should be eligible who had been admitted as immigrants, it would have so said. Probably it would have coupled that statement with the explanation that they meant that no Chinese now in the United States could ever be admitted to citizenship, because I think, as a practical matter, that probably there then were no Chinese in the United States who were admitted as immigrants for the purpose of future naturalization. But if Congress had had the particular technical theory in mind that is rather hinted at by the argument of the Immigration and Naturalization Service, that no Chinese who entered the United States after 1924 and before 1943 could be eligible for citizenship, then I think Congress would have said just that.

I recognize that a strained construction of the letter of the Act of 1924 and of the letter of the Act of 1943 might seem to give some legalistic foundation for the objection; but the spirit of the law is entirely contrary to such objection. The honor and respect that this nation has always declared for treaty obligations compel a different approach than a narrow, strained, legalistic adherence to the mere letter divorced from the spirit of the Act.

From the standpoint of public policy, of course, it is difficult to sustain the position that one who entered the United States after 1943 is more to be preferred for citizenship than one who came here and has been here since 1927. From the standpoint of public policy, a girl who came here as a minor in 1927 as the daughter of a Chinese merchant who came long before under the Treaty and who married an American citizen in 1941, is certainly as promising material for good citizenship as one who came to the United States yesterday as an immigrant.

Under the decisions of the Supreme Court of the United States and the Circuit Court of Appeals, as I read them, and the obligation we have to comply with the spirit of the Treaty, it seems to me that both legally, in honor and as a matter of public policy, this petitioner should be permitted to take the examination touching upon her knowledge of our Constitution and the laws of this land.

The objection of the Immigration and Naturalization Service is overruled.