**Petition of WONG CHOON HOI.**

**No. 126123.**

District Court, S. D. California, C. D.

Feb. 17, 1947.

Benjamin W. Henderson, of Los Angeles, Cal., for petitioner.

Frank J. Burns, U. S. Naturalization Examiner, Immigration and Naturalization Service, of Los Angeles, Cal., for the Government.

MATHES, District Judge.

Wong Choon Hoi, a native-born Chinese, has filed his petition to be naturalized as a citizen of the United States. The petition is predicated upon the claim that petitioner resided continuously in this country for more than three years immediately preceding the filing of his petition, is married to a citizen of the United States, and has met all other requirements specified in § 310(b) of the Nationality Act of 1940, 8 U.S.C.A. § 710(b).

There is no controversy as to the facts. Petitioner's father, Wong Yung San, a Chinese merchant, was admitted to this country in 1922 pursuant to Article II of the Treaty of 1880 between the United States and China, 22 Stat. 826, 827. Petitioner was admitted in 1934 as an unmarried minor child of a resident Chinese "treaty trader."

Both father and son have resided here continuously since their respective entries, and both are merchants engaged in trade. In 1941 petitioner married a born citizen of the United States. In 1943 Chinese persons were made eligible for naturalization by amendment to § 303 of the Nationality Act of 1940, 8 U.S.C.A. § 703.

Section 310(b) provides that: "Any alien who, on or after May 24, 1934, has married or shall hereafter marry a citizen of the United States * * * may, if eligible for naturalization, be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions: (1) No declaration of intention shall be required; (2) In lieu of the five-year period of residence within the United States, and the six months' period of residence in the State where the petitioner resided at the time of filing the petition, the petitioner shall have resided

continuously in the United States for at least three years immediately preceding the filing of the petition." 8 U.S.C.A. § 710(b).

The Commissioner of Immigration and Naturalization opposes the petition urging: that the three-years' "residence" specified in § 310(b) could only be acquired following admission for permanent residence, that petitioner's entry was not for permanent residence, but was made pursuant to § 3(6) of the Immigration Act of 1924, 8 U.S.C.A. § 203(6), hence for temporary residence.

■ I am unable to perceive any sound basis for the Commissioner's opposition. Precedent of long standing holds that where, as in the proceeding at bar, a Chinese merchant was admitted to this country prior to 1924 pursuant to the Treaty of 1880, members of his family (wife and unmarried minor children) coming after 1924 are entitled to be admitted for permanent residence by virtue of the Treaty. [Cheung Sum Shee v. Nagle, 1925, 268 U.S. 336, 45 S.Ct. 539, 49 L.Ed. 985; Haff v. Yung Poy, 9 Cir., 1933, 68 F.2d 203.]

These decisions are to be respected as determining the character of residence for which petitioner was admitted. The fact that Chinese persons were ineligible for naturalization until the 1943 amendment cannot affect the character of that residence. Petition of Chi Yan Cham Louie, D.C.W.D.Wash.[1]

Long before the Nationality Act of 1940, Chinese merchants admitted to engage in business here pursuant to the Treaty of 1880 were referred to as "domiciled" in this country. [Cheung Sum Shee v. Nagle, supra, 268 U.S. 336 at page 344, 45 S.Ct. 539, 49 L.Ed. 985; United States v. Mrs. Gue Lim, 1900, 176 U.S. 459, 20 S.Ct. 415, 44 L.Ed. 544; Lau Ow Bew v. United States, 1892, 144 U.S. 47, 12 S.Ct. 517, 36 L.Ed. 340; Wong Yow v. Weedin, 9 Cir., 1929, 33 F.2d 377; Woo Hoo v. White, 9 Cir., 1917, 243 F. 541.]

■ The term "residence", as used in the naturalization statutes, is practically synonymous with "domicile." [Petition of Wright, D.C.E.D.Mich., 1941, 42 F.Supp. 306, 307; United States v. Parisi, D.C.Md.,

1938, 24 F.Supp., 414, 419; Petition of Oganesoff, D.C.S.D.Cal., 1927, 20 F.2d 978, 980; United States v. Shanahan, D.C.E.D. Pa., 1916, 232 F. 169, 172.]

■ Being a minor when he entered this country, petitioner acquired at that time the domicile of his father. There has been no suggestion of any act or expression of intent indicating change of domicile either before or after petitioner became emancipated upon attaining majority.

Indeed all the facts in evidence are to the contrary. Petitioner has been present and engaged in business in this country for 12 years and more since his admission for permanent residence. During the past five years he has been married to a citizen of the United States by birth, and is now the father of three children born in this country.

Accordingly it must be held that petitioner has more than met the three-year residence requirement of § 310(b) of the Nationality Act of 1940. The petition of Wong Choon Hoi is granted.

---
[1] No opinion for publication.