**BONHAM, District Director of Immigration and Naturalization, v. CHI YAN CHAM LOUIE.**

**No. 11551.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 11, 1948.

J. Charles Dennis, U. S. Atty., and John E. Belcher, Asst. U. S. Atty., both of Seattle, Wash., for appellant.

Fred H. Lysons and John J. Sullivan, both of Seattle, Wash., for appellee.

J. P. Sanderson, of Seattle, Wash., amicus curiæ for appellee.

Before DENMAN, STEPHENS, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an attempted appeal from a judgment admitting appellee to citizenship. In the district court the United States appeared and opposed appellee's petition. One R. P. Bonham, as District Director of Immigration and Naturalization at Seattle, Washington, in his own name as such officer filed within time a notice of appeal. The question we, sua sponte, are required to determine is whether such a District Director has been empowered by Congress to take such action on behalf of the sovereign in his own name as appellant.

The District Director's notice of appeal was filed on February 14, 1947. Over ten months later the United States appears here and contends that the District Director has such power and moves that it be substituted for him as appellant. The United States also has filed a stipulation of the appellee that the United States so be substituted as appellant and that the appeal be heard on its merits.

■ It is obvious that appellee's stipulation for an attack on the judgment favorable to him will not confer jurisdiction on this court if no appeal has been taken by the United States.

The executive organization placed the administration of the immigration laws in the Attorney General. Reorganization Plan V of June 4, 1940, 54 Stat. 1238, 5 U.S.C. § 133t, 5 U.S.C.A. following section 133t. This included the office of the Commissioner of Immigration. That officer "under the direction of the Attorney General" has "charge of the administration of all laws relating to the immigration of aliens" and of the employees appointed under such laws. 8 U.S.C. § 102, 8 U.S.C.A. § 102. We assume that he has the authority to delegate to a district director such administrative power.

The particular immigration law here so to be administered is Sec. 334(d) of the Nationality Act of 1940, 8 U.S.C. § 734(d), 8 U.S.C.A. § 734(d), which provides,

"(d) The United States shall have the right to appear before any court in any naturalization proceedings for the purpose of cross-examining the petitioner and the witnesses produced in support of the petition concerning any matter touching or in any way affecting the petitioner's right to admission to citizenship, and shall have the right to call witnesses, produce evidence, and be heard in opposition to the granting of any petition in naturalization proceedings."

This is preceded by provisions for other administrative functions by an "examiner" to gather information respecting the petitioner's right to naturalization.

■ It is clear that in administering the litigating provision 734(d), it is the duty of its administrator to cause the United States "to appear" and become the party litigant. The litigant is not the District Director any more than the Attorney General is the litigant in administering the litigation of tax claims for the United States. The instant notice that the "District Director * * * hereby appeals" no more brings the case before us than would a notice of appeal in such a tax claim case if it merely stated that "the Attorney General appeals" from a judgment adverse to the government.

The substitution of the United States in this court could not create jurisdiction in us by the notice of appeal in the name of the District Director, filed ten months earlier. The case has never been before us. In this it is unlike McDonald v. Nebraska, 8 Cir., 101 F. 171, 173, where the cause of action was held to be always before the district court in which the substitution was made. Nor is it like United States v. Koike, 9 Cir., 164 F.2d 155 and Sumpter Lumber Co. v. Sound Timber Co., 257 F. 408, where we held we had jurisdiction of the appeals before substituting as appellant the real party in interest.

Another panel of this court filed on December 29, 1947, an opinion in the case of Carmichael v. Wong Choon Hoi, 164 F.2d 696, which ordered the dismissal of the appeal, stating "Appellant is not a proper party to bring this appeal." An examination of the record there shows that, as here, that appeal was from a decision in favor of a Chinese petitioning for naturalization in which the notice of appeal was in the name of a District Director of Immigration.

The motion to substitute the United States of America as appellant is denied and the appeal is ordered dismissed.

STEPHENS, Circuit Judge (concurring).

I concur in the result.