**Petition of KWAN SHUN YUE.**

**No. 131990.**

United States District Court,
S. D. California, Central Division.

Dec. 29, 1950.

Benjamin W. Henderson, Los Angeles, Cal., for petitioner.

Lloyd H. Garner, Naturalization Examiner, Immigration & Naturalization Service, Los Angeles, Cal., for the United States.

JAMES M. CARTER, District Judge.

This matter comes before the court on the motion of the United States of America for an order denying the petition of Kwan Shun Yue, a National of China, for naturalization, on the ground (1) that petitioner has failed to establish a lawful admission to the United States as an immigrant for permanent residence, and (2) on the further ground that a valid certificate showing the date, place and manner of petitioner's arrival in the United States, was not filed with the petition, and that petitioner has not established exemption from such requirement.

The particular question to be decided is the effect of the Immigration Act of May 26, 1924, c. 190, 43 Stat. 153, and Sec. 3 thereof, 8 U.S.C.A. § 203,[1] on Chinese treaty merchants entering the United States after the effective date of that statute, when read in connection with the treaty between this country and China, of November 17,

1. Section 3 became effective on enactment on May 26, 1924. The statute further provided "If any alien arrives in the United States before July 1, 1924, his right to admission shall be determined without regard to the provisions of this Act, except Section 23." Act of May 26, 1924, c. 190, § 31(c), 43 Stat. 153, at page 169, 8 U.S.C.A. § 201 note.

1880,[2] 22 Stat. 826 and the subsequent treaty of March 17, 1894,[3] 28 Stat. 1210.

### The facts.

The facts, as found by the designated Examiner, show that petitioner applied for admission to the United States at Seattle, Washington, July 20, 1924, in possession of a certificate, as a treaty merchant, issued under Section 6 of the Chinese Exclusion Act, 22 Stat. 58, Act of May 6, 1882, as amended. The certificate had been visaed by the American Consul at Hong Kong, June 27, 1924. On September 9, 1924, the Board of Review of the Department of Labor ordered the subject excluded on the ground that he was not coming to the United States as a bona fide merchant under and in pursuance of any treaty of commerce and navigation.

Habeas corpus proceedings were instituted in behalf of petitioner and others in the District Court for the Western District of Washington, and the writ was granted. The judgment of the District Court was affirmed by the United States Court of Appeals for the Ninth Circuit on November 13, 1925, in the case of Weedin v. Wong Tat Hing, 6 F.2d 201.

The findings of the designated Naturalization Examiner in the present proceeding for naturalization, contains the statement, "A certificate of arrival, qualified to show the true character of his admission as a treaty merchant under Section 3(6) of the Immigration Act of 1924 has been filed with the petition." 8 U.S.C.A. § 203(6).

### The Law.

Petitions for the naturalization of Chinese aliens who as children of treaty merchants, entered the United States after July 1, 1924, but whose fathers, the treaty merchants, entered the United States before July 1, 1924, have been before the courts and the cases have uniformly held that the admission of the treaty merchant (the father) prior to July 1, 1924, made legal the subsequent admission of the children to the United States, and that the child's residence was of such a permanent character as to be sufficient for naturalization purposes. Petition of Wong Choon Hoi, D.C.S.D.Cal., 71 F.Supp. 160, appeal dismissed Carmichael v. Wong Choon Hoi, 9 Cir., 164 F.2d 696, on the ground that the appellant was not a proper party. In re Chi Yan Cham Louie, D.C.W.D.Wash., 70 F.Supp. 493, appeal dismissed Bonham v. Chi Yan Cham Louie, 9 Cir., 166 F.2d 15, on the ground appellant was not a proper party. In re Jow Gin, 7 Cir., 175 F.2d 299; United States v. Yung Poy, 9 Cir., 177 F.2d 144.

The Government now urges however, that because of the provisions of the Immigration Act of May 26, 1924, 43 Stat. 153, Title 8, U.S.C.A. § 203 [4] that the Con-

---

2. The pertinent section, Article II of the Treaty reads as follows: "Chinese subjects, whether proceeding to the United States as teachers, students, merchants or from curiosity, together with their body and household servants, and Chinese laborers who are now in the United States shall be allowed to go and come of their own free will and accord, and shall be accorded all the rights, privileges, immunities, and exemptions which are accorded to the citizens and subjects of the most favored nation."

3. The pertinent section of the Treaty is Article III, which reads as follows: "The provisions of this Convention shall not affect the right at present enjoyed of Chinese subjects, being officials, teachers, students, merchants or travellers for curiosity or pleasure, but not laborers, of coming to the United States and *residing therein.* To entitle such Chinese subjects as are above described to admission into the United States, they may produce a certificate from their Government or the Government where they last resided vised by the diplomatic or consular representative of the United States in the country or port whence they depart. * * *" [Emphasis added.]

4. "§ 203 Immigrant defined. When used in this chapter the term 'immigrant' means any alien departing from any place outside the United States destined for the United States, except * * * (6) an alien entitled to enter the United States solely to carry on trade between the United States and the foreign state of which he is a national under and in pursuance of the provisions of a treaty

gress, in substance, created two classes of people entering the United States, immigrants and non-immigrants, and that Congress, in the Act, deliberately excluded treaty merchants from the designation as immigrants (i. e. those coming for permanent residences) and listed them with the non-immigrants, and that therefore petitioner, arriving after July 1, 1924, was not admitted to the United States for permanent residence and cannot be naturalized.

■■ It is elemental that Congress, by statute, cannot vary or diminish rights created under a treaty, and the courts have consistently held that the various Immigration acts passed after the treaties with China in 1880 and 1884, do not abrogate, nullify or abridge the rights of Chinese to enter pursuant thereto. Haff v. Yung Poy, 9 Cir. 1933, 68 F.2d 203.

We choose to rely particularly on the decision by Judge Mathes in the petition of Wong Choon Hoi, D.C., 71 F.Supp. 160, supra. It is well reasoned and collects the authorities. The factual situation in that case concerned the son of a Chinese merchant who had entered the United States in 1934, while his father had previously entered the United States before July 1, 1924. The case holds that the minor son, upon entry, acquired the domicile of his father and that the domicile was sufficient to permit the naturalization of the son. The reasoning of the case, and the authorities, apply equally to a treaty merchant entering the United States after July 1 1924.

But it further appears to the court that the language of the articles of the two treaties heretofore set forth in the margin, contain in their very language provisions that the treaty merchant shall have domicile or permanent residence in the United States.

The Treaty of 1880 in Article II, provides that Chinese merchants "shall be accorded all the rights, privileges, immunities, and exemptions which are accorded to

the citizens and subjects of the most favored nation." This certainly would include the right to permanent residence or domicile sufficient for naturalization.

The Treaty of 1884, in Article III, provides that "The provisions of this Convention shall not affect the right at present enjoyed of Chinese * * * merchants * * * of coming to the United States and *residing therein.*" The words, "residing therein" indicate clearly the intention of the treaty making powers to provide for permanent residence or domicile in the United States on the part of Chinese merchants and the other classes therein enumerated.

■ The Government cites cases to the effect that the mere fact that an alien is not deportable does not create a status of lawful permanent residence in the United States. Subhi Mustafa Sadi v. U. S., 2 Cir., 48 F.2d 1040; Werblow v. U. S., 2 Cir., 134 F.2d 791.

The court has no disagreement with these holdings.

■ We hold that the petitioner was lawfully admitted to the United States for permanent residence sufficient for naturalization purposes; and in view of the findings by the designated Examiner that the petitioner, upon his application for admission to the United States was in possession of a certificate as a treaty merchant issued under Section 6 of the Chinese Exclusion Act, and that a certificate of arrival qualified to show the character of his admission as a treaty merchant under Section 3(6) of the Immigration Act of 1924 has been filed with his petition, it follows that both grounds of objection by the United States fail.

The motion of the United States is denied and the application of Kwan Shun Yue for naturalization is granted. The findings of fact, conclusions of law and recommendations of the designated Examiner are adopted by this court, except as they are modified by this opinion. Formal order will be prepared by counsel.

of commerce and navigation, and his wife, and his unmarried children under twenty- ·

one years of age, if accompanying or following to join him * * *."