**UNITED STATES v. LEE CHEU SING.**

No. 4205.

United States Court of Appeals
Tenth Circuit.

May 21, 1951.

Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl. (Robert E. Shelton, U. S. Atty., and Haskell B. Pugh, Asst. U. S. Atty., Oklahoma City, Okl. were with him on the brief), for appellant.

Bernard J. Ruysser, Kansas City, Mo., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The appeal in this case presents for determination the question whether a Chinese alien, lawfully admitted to the United States in 1929 for an indefinite period as the minor son of a Chinese treaty merchant who came here in 1922, acquires the status of a permanent resident requisite for naturalization.

The facts are not in controversy. Lee Cheu Sing, hereinafter referred to as petitioner, was born in China in 1911. In 1929, he was admitted to the United States under section 3(6) of the Immigration Act of 1924, 43 Stat. 153, 154, 8 U.S.C.A. § 203(6), for an indefinite period as the minor son of a treaty merchant. His father had been admitted to the United States in 1922 as a merchant under section 6 of the Act of May 6, 1882, 22 Stat. 58, 8 U.S.C.A. § 265. Petitioner has re-

sided continuously in the United States since his admission, and since 1941 he has engaged in the restaurant business in Oklahoma City. In 1947, he filed a declaration of intention to become a citizen; and in 1949, he filed his petition for naturalization. Objection was interposed on the ground that petitioner did not acquire a lawful permanent residence in the United States because not specifically admitted in immigrant status. The court admitted petitioner to citizenship, and the United States seasonably appealed. For convenience, continued reference will be made to the parties as petitioner and the United States, respectively.

The United States urges the contention that one seeking naturalization must establish lawful entrance into the United States for permanent residence as an immigrant, and that petitioner failed to meet that requirement of law. Lawful admission to the United States for permanent residence is an essential requisite for admission to citizenship, and ordinarily an applicant for naturalization is required to file in the proceeding a certificate of arrival predicated upon a registry made at the time of his entrance showing lawful entrance for such residence. United States v. Ness, 245 U.S. 319, 38 S.Ct. 118, 62 L.Ed. 321; In re Jow Gin, 7 Cir., 175 F. 2d 299.

In determining whether petitioner entered the United States for permanent residence within the meaning of such requirement of law, it is to be borne in mind that he entered this country in 1929 as the minor son of a domiciled Chinese merchant who came here prior to 1924. Article II of the treaty with China, dated November 17, 1880, 22 Stat. 826, 827, provides in presently pertinent part that Chinese subjects proceeding to the United States as merchants, together with their body and household servants, shall be allowed to go and come of their own free will and accord, and shall be accorded all the rights, privileges, immunities, and exemptions which are accorded to citizens and subjects of the most favored nation. And section 3(6) of the Immigration Act of 1924, supra, as amended by the Act approved July 6,

1932, 47 Stat. 607, 8 U.S.C.A. § 203(6), defines an immigrant as being any alien departing from any place outside the United States destined for the United States, except an alien entitled to enter the United States solely to carry on trade between the United States and the foreign state of which he is a national under and in pursuance of the provisions of a treaty of commerce and navigation, and his wife, and his unmarried children under twenty-one years of age, if accompanying or following to join him. In United States v. Mrs. Gue Lim, 176 U.S. 459, 20 S.Ct. 415, 44 L.Ed. 544, the question was whether wives and minor children of Chinese merchants domiciled in the United States were privileged to enter this country without the certificate required by section 6 of the Act approved July 5, 1884, 23 Stat. 115, 8 U.S.C.A. § 265. The act did not mention wives or minor children of domiciled Chinese merchants and did not expressly exempt them from its provisions respecting the certificate referred to in the section. The court held in effect that the avowed purpose of the act was to carry the treaty stipulations into effect; that the question at hand should be resolved by reference to the treaty and the act; and that construing the two together, such wives and minor children were entitled to enter the United States without the certificates. In Cheung Sum Shee v. Nagle, 268 U.S. 336, 45 S.Ct. 539, 69 L.Ed. 985, the several petitioners were alien wives and minor children of resident Chinese merchants who came to the United States prior to 1924. The petitioners departed from China, and they arrived at San Francisco after the Immigration Act of 1924 became effective. Their applications for permanent admission to the United States were denied. Judicial proceedings followed. And in response to a certified question, the court held that wives and minor children of Chinese merchants were guaranteed the right of entry by the treaty of 1880; that they possessed such right prior to the time the Act of 1924 became effective; that the act should be construed with the view to preserve treaty rights unless they were clearly annulled; that

considering the history and general terms of the Act there did not appear a Congressional intent to exclude the petitioners from entry; and that they were entitled to enter in pursuance of the treaty. In Haff v. Yung Poy, 9 Cir., 68 F.2d 203, Yung Poy, a native born Chinese, was lawfully admitted to the United States in 1926 as a minor son of a domiciled Chinese merchant who entered the country prior to 1924. In 1927, the father ceased to be a merchant. The United States ordered the son deported on the ground that he failed to maintain the exempt status under which he entered this country. He sought a writ of habeas corpus to prevent his deportation. The United States contended that the rights of the petitioner to remain in this country were measured by the Act of 1924 rather than the treaty of 1880. But the court rejected that view. The court said that the act abrogated the treaty only in respect to provisions in the treaty which were inconsistent with provisions in the act; that the rights of petitioner to remain in the United States were measured by the treaty, even though he came here after the act became effective; and that the change in the status of his father did not constitute sustainable basis for his deportation. These cases did not concern themselves with the exact question now presented. But they make it clear that in certain circumstances, the right of wives and minor children of Chinese treaty merchants to enter this country or to remain here are measured by the pertinent provisions of the treaty and of the Act of 1924. And positioned against such cases as persuasive background, and taking into consideration the pertinent provisions of the treaty and of the act, several courts have expressly held in effect that a petitioner for naturalization who entered the United States after the Act of 1924 became effective, as the minor child of a domiciled Chinese treaty merchant who came here prior to the date on which the act became effective, was lawfully admitted for permanent residence within the intent and meaning of the requirement of entrance for permanent residence as an essential requisite for citizenship and was entitled

to be naturalized. In re Chi Yan Cham Louie, D.C., 70 F.Supp. 493, appeal dismissed, Bonham v. Chi Yan Cham Louie, 9 Cir., 166 F.2d 15; Petition of Wong Choon Hoi, D.C., 71 F.Supp. 160, appeal dismissed, Carmichael v. Wong Choon Hoi, 9 Cir., 164 F.2d 696; In re Jeu Foon, D.C., 94 F.Supp. 728; Petition of Kwan Shun Yue, D.C., 94 F.Supp. 804; In re Jow Gin, supra; United States v. Yung Poy, 9 Cir., 177 F.2d 144.

We think it is a necessary conclusion that on the admission of petitioner to the United States under the circumstances attending his entrance, he acquired the status of a permanent resident requisite for naturalization, and that it was not error to admit him to citizenship.

The judgment is affirmed.