**UNITED STATES v. YIN LIU and four other cases.**

Nos. 279280–279283, Dockets 22016–22020.

United States Court of Appeals
Second Circuit.

Argued June 6, 1951.

Decided July 10, 1951.

Robert Seelav, New York City, Marvin M. Neuman, Philadelphia, Pa., of counsel, for appellees.

Irving H. Saypol, U. S. Atty., Max Blau, Attorney, U. S. Department of Justice, Immigration and Naturalization Service, Lester Friedman, Atty. United States Department of Justice, Immigration and Naturalization Service, William J. Sexton, Asst. U. S. Atty., Louis Steinberg, District Counsel, United States Department of Justice, Immigration and Naturalization Service, all of New York City, for appellant.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appellees, natives of China, entered the United States lawfully between July 29, 1926, and April 4, 1932, under the provisions of Article II of the Treaty of Commerce and Navigation between the United States and China of 1880, 22 Stat. 826, 827, as unmarried minor children of merchants who had entered before July 1, 1924. As such, they were entitled to enter for permanent residence. Cheung Sum Shee v. Nagle, 268 U.S. 336, 45 S.Ct. 539, 69 L.Ed. 985; Haff v. Yung Poy, 9 Cir., 68 F.2d 203. Such an entry complies with Section 329(b) of the Nationality Act of 1940, 8 U.S.C.A. § 729(b), and qualifies, *pro tanto*, the appellees for naturalization. United States v. Yung Poy, 9 Cir., 177 F.2d 144; Jow Gin v. U. S., 7 Cir., 175 F.2d 299; United States v. Lee Cheu Sing, 10 Cir., 189 F.2d 534.

In the certificate of arrival issued to each appellee by the Immigration and Naturalization Service on its printed form, the printed statement that the entry was for permanent residence was stricken out, and in its stead was inserted a notation that the entry was made under Section 3(6) of the Immigration Act of 1924, 8 U.S.C.A. § 203(6), as the child of a treaty merchant. Since the facts are undisputed, the appellees are entitled to have their certificates of arrival amended to show entries for permanent residence.

Although the evidence that Lee Woon is the husband of an American citizen is rather meagre, it is sufficient to prevent its recognition from being clearly erroneous.

The order of the District Court is modified to amend the several certificates of arrival in accordance with this opinion, and, as so modified, it is

Affirmed.