**UNITED STATES v. JEU FOON.**

**UNITED STATES v. FONG NONG.**

**UNITED STATES v. GEE GONG.**

Nos. 14373–14375.

United States Court of Appeals
Eighth Circuit.

Dec. 11, 1951.

Gerland P. Patten, Asst. U. S. Atty., Little Rock, Ark. (James T. Gooch, U. S. Atty., Little Rock, Ark., on the brief), for appellant.

Marvin M. Neuman, Philadelphia, Pa., for appellees.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

PER CURIAM.

These appeals are from an order of the United States District Court for the Eastern District of Arkansas granting the petitions of three Chinese for naturalization. All three petitioners entered the United States beween May 28, 1926, and October 5, 1930, as the minor children of domiciled Chinese merchants who had entered the United States prior to 1924 as permanent residents under the provisions of Article 2 of the Treaty of Commerce and Navigation between the United States and China of 1880, 22 Stat. 826, 827. Since their admission all three of petitioners have resided continuously in the United States.

For reversal of the judgment below the United States contends (1) that each petitioner failed to establish lawful admission to the United States for permanent residence, and (2) that a valid certificate showing the date, place, and manner of petitioner's arrival in the United States was not filed by either of the appellees with his petition for naturalization.

■ That petitioners as the minor children of domiciled Chinese merchants were entitled to enter the United States for permanent residence under the Treaty of 1880 and that such entry qualified them, pro tanto, for naturalization is no longer open to question. Cheung Sum Shee v. Nagle, 268 U.S. 336, 45 S.Ct. 539, 69 L.Ed. 985; United States v. Yin Liu, 2d Cir., 190 F.2d 400, and cases cited. There are no Federal decisions to the contrary.

■ The objection to the certificates of arrival presented with the petitions of appellees is also without merit. This objection is based upon the fact that in the printed form of the certificate of arrival issued to each appellee by the Immigration and Naturalization Service the printed statement that the entry of appellee was for permanent residence was crossed out and in its place a typewritten notation was

made to the effect that the entry was "as the minor son of a merchant under Section 3(6) of the Immigration Act of 1924." 43 Stat. 154, as amended by the Act of July 6, 1932, 8 U.S.C.A. § 203(6). Precisely the same objection[1] to the certificates of arrival was denied by the Second Circuit in United States v. Yin Liu, supra, where the court held that the petitioners were entitled to have their certificates of arrival amended to show their admission to the United States for permanent residence.

Affirmed.

---

1. In the present case the printed statements on the certificates of arrival that the certificates were issued "only for naturalization purposes" were not eliminated.