**Petition of YEE SHEE DONG.**
No. 229305.

United States District Court
E. D. Michigan, S. D.
April 4, 1952.

124

R. W. Gearing, Detroit, Mich., Naturalization Examiner.

Louis M. Hopping, Detroit, Mich., for petitioner.

LEVIN, District Judge.

Petitioner came to the United States in 1937 as the China born wife of a Chinese treaty merchant who entered this country in 1923 under the terms of the Treaty between the United States and China of November 17, 1880, Art. 2, 22 Stat. 826. The petition for naturalization was filed in 1949 after petitioner's husband was admitted to citizenship.

The only issue to be determined is whether or not the petitioner's entrance into this country was for permanent residence so that her continuous stay in this country from that time is compliance with the residence requirement of the naturalization laws of the United States. It is agreed that petitioner is otherwise eligible for citizenship.

 The status of a Chinese treaty merchant who entered this country before July 1, 1924, is determined by reference to the terms of the Treaty of 1880, and the status of the members of his family, at whatever time they entered the country, has been viewed as derivative and entirely dependent on the law governing the merchant himself. United States v. Gue Lim, 176 U.S. 459, 20 S.Ct. 415, 44 L.Ed. 554; Kumaki Koga v. Berkshire, 9 Cir., 75 F.2d 820. The entry of a treaty merchant or his wife or minor children made under the Treaty of 1880 is such that they are not deportable for the husband's failure to maintain a status protected by that treaty. Haff v. Yung Poy, 9 Cir., 68 F.2d 203. The Immigration Act of 1924 provides that the entrance of treaty merchants is a nonimmigrant entry. Act of May 26, 1924, § 3(6), 43 Stat. 153, 8 U.S.C.A. § 203(6). However, the wives and minor children of treaty merchants were not mentioned in that act, and it has been determined that when such merchants entered the United States before 1924 the entrance of their wives and children, whether before or after 1924, is governed by the Treaty of 1880 rather than the Immigration Act of 1924. Cheung Sum Shee v. Nagle, 268 U.S. 336, 45 S.Ct. 539, 69 L.Ed. 985. It is the concensus of Federal court opinion that an entrance under the treaty is for permanent residence in compliance with the requirements of our naturalization laws, and citizenship has therefore been granted to persons who entered this country after July 1, 1924, as wives or minor children of Chinese treaty merchants who entered before that date. United States v. Jeu Foon, 8 Cir., 193 F.2d 117; United States v. Yin Liu, 2 Cir., 190 F.2d 400; United States v. Yung Poy, 9 Cir., 177 F.2d 144; Jow Gin v. United States, 7 Cir., 175 F.2d 299.

The only novel objection urged by the Government as a bar to the grant of this petition is that the amendment effective July 6, 1932, to section 3(6) of the Immigration Act of 1924, which includes the wives and minor children of treaty merchants among the classifications of those entitled to enter the country for nonimmigrant purposes, was intended to change the status of Chinese entering after that date as wives or minor children of treaty merchants who entered before 1924 under the terms of the Treaty of 1880. All but one of the decided cases involved persons who entered the United States before 1932, and in that case, Petition of Wong Choon Hoi, D.C., 71 F.Supp. 160, appeal dismissed Carmichael v. Wong Choon Hoi, 164 F.2d 696, the objection here raised by the Government was not discussed.

 I take the view that, if that change was intended to add a new classification to those available for nonimmigrant entry only, the class of wives and minor children of treaty merchants regardless of the status of the merchant himself, it would follow that such persons entering after 1932 did not acquire permanent residence in the United States. But the language of the amendment does not indicate such an intent on the part of Congress. Section 3(6) as amended classifies as nonimmigrants: "* * * an alien entitled to enter the United States solely to carry on trade between the United States and the foreign state of which he is a national under and in pursuance of the provisions of a treaty of commerce and navigation, and his wife, and his unmarried children under twenty-one years of age, if accompanying or following to join him * *."

The language used is a carefully worded expression of the law as it has been applied by the courts both before and after 1932, and must be viewed, not as a change in the law but as a clarification of the law, spelling out the derivative nature of the status of the families of treaty merchants in the United States.

To attribute any other intent to this language would be unreasonable. In the case at bar, for instance, such an interpretation would make the stay of the petitioner in this country dependent on the continuation of her husband, a United States citizen, in an occupation protected by the Treaty of 1880 between the United States and China. The result would be anomalous even in situations in which the merchant himself had not become an American citizen; un-

der that interpretation of the statute a wife who entered after 1932 would be subject to deportation should her merchant husband change his occupation even though he would be entitled to continue his residence in the United States indefinitely. In the absence of a definitive declaration to the contrary, this court will not attribute such an intent to Congress.

The entry of the petitioner must be viewed as governed by rights given by the Treaty of 1880; it was therefore for permanent residence in the United States as required by the Nationality Act of 1940, 8 U.S.C.A. § 710, and she has, accordingly, been admitted to citizenship.