Per Curiam.

This controversy grows out of two amendments of the Ohio Constitution and legislation enacted to im *252 plement such amendments. In 1955, the voters of this state approved the addition of Section 2 e to Article VIII, which authorizes the state to borrow money and issue bonds or other obligations not to exceed $150,000,000 for certain capital improvements. In pertinent part, Section 2 e provides:
“* * * during such time as such bonds or other obligations are outstanding, and moneys in the capital improvements bond retirement fund are insufficient to pay all interest, principal and charges for the issuance and retirement of such bonds and other obligations, there shall be levied, for the purpose of paying interest, principal, and charges for the issuance and retirement of such bonds and other obligations, an excise tax [sales and use] on * * * cigarettes * * * [one cent per pack]. The moneys received * * * from the * * * tax on * * * cigarettes * * * shall be paid into the capital improvements bond retirement fund. The general assembly of Ohio shall enact laws providing for the collection of such taxes.” (Emphasis added.) In providing for the collection of the cigarette tax, the 101st General Assembly amended the existing cigarette tax act and enacted Sections 5743.021 and 5743.321, Revised Code, effective March 5, 1956, which impose an additional tax on the sale and use of cigarettes in the amount of one cent per pack.
In 1963, the voters of this state approved the addition of Section 2 f to Article VIII, which authorizes the state to borrow money and issue bonds or other obligations not to exceed $250,000,000 for certain capital improvements. In pertinent part, Section 2 f provides that an excise tax on the sale and use of cigarettes of one cent per pack “shall be levied during the period beginning with January 1, 1965, and continuing until December 31, 1972, and thereafter as long as any of such bonds and other obligations are outstanding and moneys in the separate and distinct bond retirement fund hereinafter created are insufficient to pay all interest, principal, and charges for the issuance and retirement of such bonds and other obligations.” (Emphasis added.)
Acting under the constitutional mandate of Section 2 f to enact laws providing for the collection of such cigarette taxes, the 105th General Assembly amended the existing cigarette tax act and enacted Sections 5743.023 and 5743.322, Revised Code, *253 which impose a new additional tax on the sale and use of cigarettes in the amount of one cent per pack beginning January 1, 1965.
As amended by House Bill No. 971, Sections 5743.021 and 5743.321, Revised Code, provide that the collection of the additional cigarette tax of one cent per pack levied in 1955 shall be continued until December 31, 1964, and that thereafter the tax will be suspended until the Director of Finance makes a proper certification of facts to the Tax Commissioner who will resume collection of the tax until the Director of Finance makes another certification of facts upon which the Tax Commissioner will again suspend collection of the tax. The number of times that the collection of the tax may be so suspended and resumed is not limited by the amended statutes.
Relator in filing his petition and demurrer to respondents’ answer challenges the constitutionality of Sections 5743.021 and 5743.321, Revised Code, as amended by House Bill No. 971, on the grounds (1) that the G-eneral Assembly unlawfully attempted to delegate legislative power to the Director of Finance and to the Tax Commissioner in contravention of Section 18, Article I, Section 1, Article II, and Sections 4 and 5, Article XII, Ohio Constitution; (2) that the diversion of cigarette tax revenues pledged to the retirement of bonds and other obligations issued pursuant to Section 2 e, Article VIII, Ohio Constitution, is contrary to Section 10, Article I, United States Constitution, and Section 28, Article II, Ohio Constitution, which prohibit the enactment of any law impairing the obligation of contracts; and (3) that the provisions of Sections 5743.021 and 5743.321, Revised Code, with regard to the suspension on December 31, 1964, of the one-cent-per-pack tax upon cigarettes, contravene the mandatory provisions of Section 2 e of Article VIII of the Constitution of Ohio providing for the levy and collection of this tax.
Although the respondents did not raise by answer the issue of whether relator has standing to challenge the constitutionality of the statutes here involved, the Attorney General in argument seriously questioned relator’s right to do so.
In determining who may question the constitutionality of a statute or ordinance, the pertinent general rules are sum *254 marized in 10 Ohio Jurisprudence (2d), 217, Constitutional Law, Section 138, as follows:
“It is a well-settled rule that in order to question the constitutionality of a statute or ordinance the one assailing the law must have a direct personal [pecuniary] interest in the litigation. That is, he must be affected adversely by any decision of the court sustaining the act. He must be able to show that he has sustained, or is in immediate danger of sustaining, some direct injury as a result of the enforcement of the legislation. It is not enough that the party assailing the act suffers in some indefinite way in common with people generally.” More specifically, an individual who is in no way a party to a contract and who cannot show that the contract was made for his benefit may not contest the validity of a statutory enactment on the ground that it impairs the obligation of such contract. Vought v. Columbus, Hocking Valley & Athens R. R. Co. (1898), 58 Ohio St., 123, affirmed, 176 U. S., 481, 44 L. Ed., 554, 20 S. Ct., 398; City of Cincinnati v. Dexter (1896), 55 Ohio St., 93.
Relator’s only interest, as his petition shows, is that of any resident and taxpayer. He admitted in argument that he is not a holder of a bond or any other obligation of the state issued pursuant to the provisions of Section 2 e, Article VIII, Ohio Constitution. We must conclude in the face of these facts that relator could not be adversely affected by any decision sustaining the statute. Hence he has no standing to bring this action. It should be noted in this connection that except to the extent provided for by Chapter 2721, Revised Code, the -Declaratory Judgment Act, courts clearly have no authority to give advisory opinions on legal questions.
In recognition of the great public interest in the capital improvements program authorized in 1963, it should be observed that even if the validity of relator’s contentions be assumed, there is no reason, in view of the severability provision in House Bill No. 971, why the new additional sales and use tax on cigarettes in the amount of one cent per pack may not be collected beginning January 1, 1965, or why the Board of Commissioners of the Sinking Fund may not issue and sell bonds or other obligations in accordance with the provisions of Section 2 f, Article VIII, Ohio Constitution.
*255 The writ of prohibition is, hereby, denied.

Writ denied.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.